IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HENDRICKS LAW FIRM, P.C., an Oregon corporation, and HEATHER A. BRANN, PC, an Oregon corporation,<br><br>           Plaintiffs,<br><br>    v.<br><br>PEGGY S. FORAKER, as an individual, and as trustee of the Foraker Family Trust, and MCKENZIE LEIGH FORAKER, as trustee of the Gren Trust,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT (Uniform Fraudulent Transfer Act)**<br><br>**CASE NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>Equitable Relief Requested<br><br>Fee Authorized by: ORS 21.135(1), (2)(a) |

Plaintiffs allege as follows:

1.

Plaintiff Hendricks Law Firm, P.C. was and is a professional corporation licensed to do business in Oregon.

2.

Plaintiff Heather A, Brann, PC, was and is a professional corporation licensed to do business in Oregon.

3.

Defendant Peggy S. Foraker (Foraker) was and is an individual who resides in Virginia, and that has an ownership interest in the real property that is the subject of this action (Property), which has a street address of 12407 NE Morris St., Portland, Oregon, 97230, and is legally

Page 1 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 1 of 68

described as follows:

    Lot 8, DALZIEL TERRACE, LOTS 7 TO 17 INCLUSIVE, in the City of Portland,

County of Multnomah and State of Oregon.

4.

    Defendant McKenzie L. Foraker is an individual who resides in Virginia, and as trustee

of the Gren Trust, and a beneficiary of the Gren Trust, she claims to have an ownership interest

in the Property.

**<u>FACTUAL HISTORY</u>**

5.

    In about 2012, Foraker was in a severe vehicular accident.  The Defendants represented

Foraker against her auto insurer in protracted litigation that took over 8 years (the "USAA

litigation").

6.

    In 2016, Foraker caused to be created a revocable living trust called the Foraker Family

Trust.

7.

    On or about March 1, 2019, Foraker purchased the Property out right with proceeds she

received from the USAA litigation.  She purchased the Property as trustee for the Foraker Family

Trust.  A copy of the deed is attached and incorporated here as **Exhibit 1**.

8.

    On or about March 1, 2021, Foraker filed a lawsuit against Plaintiffs in Multnomah

County Circuit Court Case No. 21CV07345 alleging, among other things, professional

negligence.

Page  2 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 2 of 68

9.

On or about March 7, 2023, after a series of motion practice and Court orders between November 2021 and February 2023, the Defendants prevailed and obtained a general judgment against Foraker.

10.

On or about May 4, 2023, the Court ordered that Foraker is responsible for the Defendants' attorney fees incurred in defending themselves against her claims, through April 14, 2023, in the amount of $739,070.88, and their costs in the amount of $11,606.14, and a prevailing party fee of $345, and an enhanced prevailing party fee of $5,000.  A copy of the Court's order is attached and incorporated here as **Exhibit 2**.

11.

After May 4, 2023, Foraker and the Defendants were discussing and negotiating the form of judgment that would be entered in accordance with the Court's May 4 order.

12.

On about May 10, 2023, Foraker signed a document that states it creates a Virginia irrevocable trust called the Gren Trust.

13.

Defendant McKenzie Foraker is named as the trustee of the Gren Trust, and the assets of the Gren Trust are to be used for the care and wellbeing of Foraker, with Defendant McKenzie Foraker being one of the two beneficiaries of the trust assets upon Foraker's death.

14.

Also on May 10, 2023, Foraker signed a bargain and sale deed that states she, as trustee of the Foraker Family Trust, conveyed the Property to the Gren Trust (Deed).  A copy of the

Page  3 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 3 of 68

Deed is attached and incorporated here as **Exhibit 3**.    The Property remains occupied by Foraker's sister, as it was prior to the conveyance.

15.

The Deed states that the Foraker Family Trust received $490,000 in exchange for the conveyance, but in fact no money has been provided in exchange for the Property.

16.

To date, the Gren Trust has not provided any consideration for the Property.

17.

Also on May 10, 2023, Foraker signed a document that states she, as trustee of the Foraker Family Trust, conveyed property she owns in Virginia to the Gren Trust, without any consideration being provided in exchange.

18.

Foraker, and her daughter Defendant McKenzie Foraker, still reside at the Virginia property, as they did prior to the conveyance.

19.

On May 12, 2023, Foraker caused the Deed to be recorded in Multnomah County, Oregon.

20.

On May 16, 2023, this Court signed a supplemental judgment based on the Court's May 4 order, and this supplemental judgment was entered by this court on May 17, 2023.  A copy of the supplemental judgment is attached and incorporated here as **Exhibit 4**.

///

///

Page  4 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 4 of 68

## PLAINTIFFS' CLAIM FOR RELIEF

### (Oregon's Uniform Fraudulent Transfer Act)

Plaintiffs re-allege paragraphs 1-20 as though fully set forth here.

21.

Despite the language in the Deed, Foraker admits that she has not received any consideration for the Property.

22.

Foraker's conveyance of the Property to the Gren Trust was to an insider, not an arms-length transaction.

23.

Foraker's creation of the Gren Trust, and the transfer of the Property and the Virginia property (collectively, Properties) was made after Plaintiffs' claims against Foraker arose, and at a time when she knew or reasonably should have known that she owed Plaintiffs' money.

24.

Foraker's transfer of the Properties was made at a time when she knew that after the transfer of the Properties, she would incur a debt owing to the Plaintiffs that would be beyond her ability to pay.

25.

Foraker has said that she does not intend to give the Plaintiffs any money to satisfy the supplemental judgment that was entered in their favor on May 17, 2023.

26.

Foraker became insolvent as a result of the transfer of the Properties.

27.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.230(1)(a) because of the facts alleged in paragraphs 1-26 above.

///

Page  5 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 5 of 68

28.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.230(1)(b) because of the facts alleged in paragraphs 21, and 24-26 above.

29.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.240(1), (2) because of the facts alleged in paragraphs 21, and 24-26 above.

30.

Plaintiffs have a right to recover their attorney fees incurred in bringing this action, pursuant to the written fee agreement in place between Plaintiffs and Foraker.

31.

Pursuant to the ORS 95.260, Plaintiffs are entitled to the following relief:

    a.  An order avoiding the transfer of the Property, as fully described in Exhibit 1, to the extent necessary to satisfy Plaintiff's claims;

    b.  Attachment of a judgment lien onto the Property, in accordance with applicable Oregon statutes and the Oregon Rules of Civil Procedure;

    c.  An order that authorizes the sheriff to conduct an execution sale of the Property to satisfy the supplemental judgment owing to the Plaintiffs; and/or

    d.  Any other relief the circumstances may require.

///
///
///
///
///
///
///
///

Page 6 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 6 of 68

1

2    WHEREFORE, Plaintiffs prays for judgment in their favor and against Defendants as follows:

3        1.   An Order providing Plaintiff with equitable relief as requested in paragraph 19 above;

4        2.   For an award of Plaintiff's attorney fees and costs; and

5        3.   For such other relief as this Court finds just.

6        DATED this 9th day of June, 2023.

7

8                                   /s/ Tim L. Eblen
                                    Tim L. Eblen, OSB No. 050252
9                                   tim@eblenfreed.com
                                    Of Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 7 of 68

RECORDING REQUESTED BY:



1433 SW 6th Avenue
Portland, OR 97201

| Multnomah County Official Records<br>E Murray, Deputy Clerk | **2019-021270** |
|---|---|
| | 03/01/2019 02:50:48 PM |
| 1R-W DEED    Pgs=3 Stn=36 HENTGESB<br>$15.00 $11.00 $6.00 $60.00 | **$92.00** |

**AFTER RECORDING RETURN TO:**
**Order No.:** 161900183-LW
Peggy Foraker
The Foraker Family Trust
12407 NE Morris Street
Portland, OR 97230

**SEND TAX STATEMENTS TO:**
The Foraker Family Trust
12407 NE Morris Street
Portland, OR 97230

APN:  R144381

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## STATUTORY WARRANTY DEED

**Diane Christine Larson, Successor Trustee of the Berdean Faye Olson Family Trust, dated March 28, 1996,** Grantor, conveys and warrants to **Peggy Sue Foraker, Trustee of The Foraker Family Trust dated October 20, 2016,** Grantee, the following described real property, free and clear of encumbrances except as specifically set forth below, situated in the County of Multnomah, State of Oregon:

    Lot 8, DALZIEL TERRACE, LOTS 7 TO 17 INCLUSIVE, in the City of Portland, County of Multnomah and State of Oregon.

THE TRUE AND ACTUAL CONSIDERATION FOR THIS CONVEYANCE IS THREE HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS **($360,000.00).**  (See ORS 93.030).

**Subject to:**

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.  THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS.  BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.**

Deed (Statutory Warranty)
ORD1293.doc / Updated:  05.01.17

Page 1

OR-LT-FXEB-01060.474579-161900183

EXHIBIT 1
Page 8 of 68
**Exhibit 1**
**Page 1 of 3**

## STATUTORY WARRANTY DEED
### (continued)

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

Dated: March 1, 2019

Berdean Faye Olson Family Trust, dated March 28, 1996

BY: Diane Christine Larson
Diane Christine Larson
Successor Trustee

State of Oregon
County of Clackamas

This instrument was acknowledged before me on 3/1/2019 by Diane Christine Larson as Successor Trustee of the Berdean Faye Olson Family Trust, dated March 28, 1996.

Notary Public - State of Oregon

My Commission Expires: 2/17/20

OFFICIAL STAMP
LYNDSAY MICHELLE WILLIAMS
NOTARY PUBLIC-OREGON
COMMISSION NO. 947566
MY COMMISSION EXPIRES FEBRUARY 17, 2020

EXHIBIT 1
Page 9 of 68

Exhibit 1
Page 2 of 3

**EXHIBIT "A"**
Exceptions

**Subject to:**

City Liens, if any, in favor of the City of Portland.  None found as of February 28, 2019.

Restrictions, but omitting restrictions, if any, based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said restriction is permitted by applicable law, as shown on that certain plat

Name of Plat:          Dalziel Terrace

**Exhibit 1**
**Page 3 of 3**
EXHIBIT 1
Page 10 of 68

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FILED

2023 MAY -4 PM 3:38
COUNTY OF MULTNOMAH
4TH JUDICIAL DIST.

| | |
|---|---|
| PEGGY S. FORAKER, | |
| Plaintiff, | CASE NO. 21CV07345 |
| vs. | OPINION AND ORDER ON CROSS PETITIONS FOR ATTORNEY FEES |
| STEPHEN C. HENDRICKS, et al., | |
| Defendants. | |

This matter came before the court on April 14, 2023, for hearing on the parties' Cross

Petitions for Attorney Fees.  Plaintiff appeared through her attorney Katherine Heekin.

Defendants appeared through their attorney Molly Honore. The Honorable Shelley D. Russell

presided.

Plaintiff and Defendants each argue that they are entitled to recovery of attorney fees

and costs based on the language of the Attorney Fee Agreement at issue in this case which

states in relevant part that with regard to "any dispute regarding payment" of attorney fees,

"the prevailing party shall be entitled to a reasonable fee from the party opposing the

prevailing party." In this heavily litigated dispute, both sides argue that they are the prevailing

party. For the reasons stated below, I find that Defendants are the sole prevailing party and

should be awarded their fees.

I.      **DETERMINATION OF PREVAILING PARTY**

Plaintiff argues that she is the prevailing party as to those counterclaims that

Defendants did not replead, and as to Defendants' 2nd Counterclaim which was voluntarily

dismissed by Defendants as moot. Defendants argue that Plaintiff is not the prevailing party as

1 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

_Verified Correct Copy of Original 5/4/2023._

EXHIBIT 2
Page 11 of 68
**Exhibit 2**
**Page 1 of 11**

to any of Defendants' counterclaims because the Fee Agreement envisions only one prevailing

party, because Defendants are the only parties that obtained all relief they sought in the case,

because Plaintiff is not entitled to fees on Defendants' voluntarily dismissed 2nd Counterclaim,

and because Plaintiff failed to plead an entitlement to fees on the other dismissed

Counterclaims.

For purposes of determining who is the prevailing party, the relevant procedural history

of the instant case is as follows:

→    November 2, 2021, the court ruled on Plaintiff's Rule 21 Motions to

Dismiss/Make More Definite and Certain, granting Plaintiff's motion as to Defendants' 4th

through 7th Counterclaims with leave to amend to make more definite and certain. Defendants

elected not to replead their 5th, 6th and 7th Counterclaims.

→    January 6, 2022, the court denied Plaintiff's Rule 21 Motions to Dismiss

Defendants' Counterclaims.

→    February 9, 2022, the court granted Defendants' Partial Motion for Summary

Judgment as to the majority of their claims but denied summary judgment on Defendants' 2nd

Counterclaim as questions of fact precluded summary judgment on that claim.

→    July 11, 2022, the court granted Defendants' Motion for Summary Judgment

against all of Plaintiffs' claims and denied summary judgment as to Defendants' 2nd

Counterclaim, again because there were questions of fact for a jury to decide as to that

counterclaim.

→    November 1, 2022, the court denied Plaintiff's Motion for Summary Judgment in

their entirety, including against Defendants' 2nd Counterclaim. The court granted Defendants'

2 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 12 of 68
**Exhibit 2**
**Page 2 of 11**

_Verified Correct Copy of Original 5/4/2023._

Motion for Summary Judgment on Defendants' 1st and 3rd – 5th Counterclaims, essentially granting all relief sought by Defendants and rendering their 2nd Counterclaim moot. The court at this time did not dismiss Defendants' 2nd Counterclaim.

→        Over Plaintiff's objection, Defendants subsequently voluntarily dismissed their 2nd Counterclaim as they had already been granted all relief they requested. The 2nd Counterclaim was dismissed by order of Judge David Rees with language allowing Plaintiff to argue that she was prevailing party on this claim.

According to ORS 20.077(2), the "prevailing party" is "the party who receives a favorable judgment * * * on the claim[.]" In actions involving multiple claims and counterclaims, there can be more than one "prevailing party." *Lemargie v. Johnson*, 212 Or.App. 451, 454 n. 3 (2007). To determine who is the prevailing party the court must weigh on a claim-by-claim basis, what was sought be each party against the result obtained. *Beggs v. Hart*, 221 Or.App. 528, 536-37 (2008).

Where a party voluntarily dismisses a claim, there is no "prevailing party" for purposes of a fee award. *Chinese Consolidated Benevolent Assoc. v. Chin*, 316 Or.App. 514, 521 (2021). Voluntary dismissal of a claim renders the underlying merits of the claim, as well as the defenses attacking that claim, moot. ORCP 54.  Once a claim is rendered moot, the court lacks jurisdiction to resolve its merits solely for the purpose of determining attorney fee entitlement.

Here, the plain language of the Fee Agreement between the parties envisions one prevailing party in any dispute between them. The "dispute" at issue in this case was how to calculate the fee to which Defendants are entitled under the Fee Agreement: 40% of the entire recovery in the underlying case or the attorney fee awarded by the federal court. This court's

3 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 13 of 68
**Exhibit 2**
**Page 3 of 11**

_Verified Correct Copy of Original 5/4/2023._

ruling on the parties' competing summary judgment motions answered that question in

Defendants' favor. Under the interpretation of the Fee Agreement language, Defendants are

the prevailing parties.

As to the dismissal of Defendants' Counterclaims in the instant case, because

Defendants elected not to replead their 5th though 7th Counterclaims, they were essentially

rendered moot and were not resolved on their merits. The same is true for Defendants'

voluntarily dismissed 2nd Counterclaim. Furthermore, examining the relative success of the

parties at achieving their goals, the dismissal of these counterclaims did not achieve a better

result for Plaintiff or a worse result for Defendants. The dismissed counterclaims sought the

same relief Defendants succeeded in securing through summary judgment on their surviving

counterclaims. Plaintiff, on the other hand, was wholly unsuccessful in achieving any of the

relief she sought. Balancing the relief sought by each party against the result obtained,

Defendants are far and away the prevailing parties in this action.

## II.    Entitlement to and Amount of Fees

Turning to the determination of the amount and reasonableness of the fees sought by

Defendants, the court must consider the factors set out in ORS 20.075(1) (whether to award

fees) and (2) (amount to award).

### A.  ORS 20.075(1) Factors

**ORS 20.075(1)(a) – The conduct of the parties in the transactions or occurrences that
gave rise to the litigation, including any conduct that was reckless, willful, malicious, in
bad faith, or illegal.**

Plaintiff Foraker spent her long legal career litigating personal injury cases and was

intimately familiar with the nature and kinds of fee agreements attorneys use in that type of

EXHIBIT 2
Page 14 of 68
**Exhibit 2
Page 4 of 11**

Verified Correct Copy of Original 5/4/2023.

litigation. Although Plaintiff Foraker claimed that a brain injury impeded her understanding of the Fee Agreement at issue in this case, she continued to practice law for a number of years after suffering said injury, and engaged in educated, knowledgeable discussions and debates with Defendants and with her counsel in this lawsuit throughout the course of this litigation. Plaintiff's actions in assuring Defendants they would be paid, then suing them once their drafting work on Plaintiff's appeal was complete strike this court as disingenuous at best, and conniving at worst. This court ultimately found her claims of wrongdoing by Defendants unsupported by evidence and dismissed them all. This factor supports an award of attorney fees and costs to Defendants.

**ORS 20.075(1)(b) – The objective reasonableness of the claims and defenses asserted by the parties.**

In light of the overwhelming success of Defendants' efforts on Plaintiff's behalf in the underlying federal litigation, the plain language of the Fee Agreement, as well as Plaintiff's own knowledge and experience in the field, the claims Plaintiff brought in this lawsuit are objectively unreasonable. This factor supports an award of attorney fees and costs to Defendants.

**ORS 20.075(1)(c) – The extent to which an award of attorney fees in the case would deter others from asserting good faith claims or defenses in similar cases.**

An award of attorney fees and costs in this case would encourage others to assert good faith claims and defenses in similar cases. This factor favors Defendants.

**ORS 20.075(1)(d) – The extent to which an award of attorney fees in the case would deter others from asserting meritless claims and defenses.**

Exposure to attorney fees and costs would deter others from asserting similarly meritless claims and defenses. This factor favors Defendants.

EXHIBIT 2
Page 15 of 68
**Exhibit 2**
**Page 5 of 11**

_Verified Correct Copy of Original 5/4/2023._

**ORS 20.075(1)(e) – The objective reasonableness of the parties and the diligence of the parties and attorneys during the proceedings.**

This has been a hard-fought case by all parties involved. From the court's perspective, emotions have more than once clouded reason between and among the parties on both sides of the aisle but appear to have affected Plaintiff Foraker's ability to see this case clearly and to make rational decisions to a greater extent than it has Defendants. This factor weighs in favor of Defendants.

**ORS 20.075(1)(f) – The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.**

Despite this court's rulings on summary judgment, and according to the declarations of counsel submitted by Defendants, it appears that settlement discussions between the parties were entirely unproductive. Defendants state that they made four settlement offers to Plaintiff over the course of this case and participated in one global settlement conference, but Plaintiff made no effort to engage in fruitful discussion. Plaintiff argues Defendants' settlement offers were unreasonable and would have required her to pay Defendants money she believed belonged to her from the federal litigation. On balance, the court finds that this factor weighs in favor of Defendants.

**ORS 20.075(1)(g) – The amount the court has awarded as a prevailing party fee under ORS 20.190.**

Based on my findings under ORS 20.075, the court awards Defendants an enhanced prevailing party fee in the amount of $5,000 pursuant to ORS 20.190(3).

**ORS 20.075(1)(h) – Such other factors as the court may consider appropriate under the circumstances of the case.**

6 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 16 of 68
**Exhibit 2**
**Page 6 of 11**

_Verified Correct Copy of Original 5/4/2023._

This case has involved scorched earth litigation on both sides. Throughout this case it appears that every issue, no matter how small, has been analyzed, briefed, and argued at great length and detail due to the personal and professional reputations at stake for all involved. This court is not blind to the toll this matter has taken on the parties and counsel. To some extent emotion rather than logic has been driving this litigation, resulting in hundreds of hours of time and great expense. Plaintiff made certain choices in this litigation that increased her exposure to defense fees and costs and must now bear the brunt of those fees and costs.

The court finds that an award of attorney fees and costs to Defendants is appropriate pursuant to the factors in ORS 20.075(1).

### B. ORS 20.075(2) Factors

Once the court has determined that an award of fees to the prevailing party is appropriate based on the ORS 20.075(1) factors, the court must determine a reasonable amount of fees. To determine the amount of fees to award, the court considers not only the ORS 20.057(1) factors, but must examine the factors set out in ORS 20.075(2) as well.

**ORS 20.075(2)(a) – The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding, and the skill needed to properly perform the services.**

Both parties submitted itemized statements of time charged in this matter which the court has reviewed. In addition, the court examined the time records of PLF counsel with the Cable Houston firm for comparison with the records submitted by Defendants. Cable Houston time was incurred by the Professional Liability Fund on behalf of Defendants in their defense against Plaintiff's claims and is not sought in Defendants' fee petition. It is the court's understanding that there is no dispute as to the hourly rates charged by Defense counsel in this

EXHIBIT 2
Page 17 of 68
**Exhibit 2**
**Page 7 of 11**

_Verified Correct Copy of Original 5/4/2023._

case, only as to the number hours billed. All of the attorneys involved in this case are highly

skilled, well-respected members of the bar.

The novelty and difficulty of the questions involved in this case are clear. There is little

to no Oregon case law addressing disputes over contingent fee agreements and attorney fees

resulting therefrom. The theories posited by Plaintiff were for the most part novel and

inventive albeit unsuccessful. This was a hard-fought case on both sides.

**ORS 20.075(2)(b) – The likelihood, if known to the client, that the acceptance of this case would preclude the attorney from taking other cases.**

This factor is not relevant to these proceedings.

**ORS 20.075(2)(c) – The fee customarily charged in the locality for similar legal services.**

The court finds that the hourly rates charged by the attorneys in this case are

reasonable. The court further acknowledges that defense counsel reduced their rates slightly

for Defendants.

**ORS 20.075(2)(d) – The amount involved in the controversy and the results obtained.**

The amount sought by the Plaintiff in this case exceeded $4.8 million, of which she

recovered nothing. The fees sought by Defendants are roughly 20% of Plaintiff's prayer.

Defendants defeated Plaintiff's claims and succeeded on four of their seven counterclaims,

granting them the entirety of the relief they sought.

**ORS 20.075(2)(e) – The time limitations imposed by the client or the circumstances of the case.**

This factor is not relevant to these proceedings.

**ORS 20.075(2)(f) – The nature and length of the attorney's professional relationship with the client.**

This factor is not relevant to these proceedings.

8 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 18 of 68
**Exhibit 2**
**Page 8 of 11**

_Verified Correct Copy of Original 5/4/2023._

**ORS 20.057(2)(g) – The experience, reputation, and ability of the attorney performing the services.**

As stated above, the attorneys involved in this case are all experienced, well known, highly competent and skilled counsel. This factor is reflected in the lack of dispute over the hourly rates sought by Defense counsel.

**ORS 20.075(2)(h) & (i) are not relevant to these proceedings and do not factor into this opinion.**

### C.    Attorney Fees Billed by Defendants Hendricks and Brann Individually

Both Hendricks and Brann submit their own billing records for time they spent assisting with the litigation, conducting research and preparing briefs. The parties dispute whether such time is recoverable by a litigant/attorney.  Both Hendricks and Brann submitted detailed declarations and billing records segregating time spent performing legal tasks from time spent participating as clients in the case. I find that pursuant to *Colby v. Gunson*, 349 Or. 1 (2010); and *Moro v. State*, 360 Or. 467 (2016), Hendricks and Brann are entitled to recover fees for their time spent performing legal work in the case.

### III.    Reasonable Attorney Fees

No objection was made to the hourly rates sought by Defendants in this litigation. Defendants submitted supporting evidence in the form of declarations and surveys regarding the rates they charge. The court finds the hourly rates are reasonable.

Plaintiff argues for a reduction in Defendants' time on the basis that Defendants utilized many associates and partners in the Markowitz firm along with Defendants Hendricks and Brann while Plaintiff only employed the services of two attorneys. Plaintiff claims Defendants submitted duplicate time entries for multiple attorneys and charged excessive fees for work

EXHIBIT 2
Page 19 of 68
**Exhibit 2**
**Page 9 of 11**

_Verified Correct Copy of Original 5/4/2023._

that required limited discovery, depositions, and legal research. Plaintiff also objects to time spent pursuing remedies in the federal court case.

Defendants argue that the nature and novelty of this case warranted the amount of time, the number of attorneys, and the hourly rates sought because Plaintiff engaged in unreasonable litigation practices that necessitated the motions practice, research, strategizing and discovery Defendants undertook. Defendants argue that Plaintiff had numerous opportunities to resolve this litigation without both sides incurring high fees but chose not to.

Both sides accuse the other of nefarious motives, less than ethical conduct, and over-litigating this case.

The court finds that both sides have a point. The fees sought by Defendants based on the time spent are extraordinarily high, however, those fees were driven in part by Plaintiff's litigation strategies and Defendants' need to respond. Following a review of the time records of the parties and Plaintiffs' objections to specific time records as set out in Plaintiff's counsel's Declaration Exhibits, the court finds that the fees sought by Defendants should be reduced by 25% across the board and awards Defendants fees in the amount of $739,070.88 for time incurred through April 14, 2023.

## VI.    Costs

The authority to award costs is controlled entirely by statute. *Blacknall v. Board of Parole,* 223 Or.App. 294, 196 P.3d 20 (2008), *aff'd,* 348 Or. 131, 229 P.3d 595 (2010). ORCP 68A(2) provides that costs incurred (other than for legal services) in pursuing an action are recoverable.

10 — ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 20 of 68
**Exhibit 2**
**Page 10 of 11**

_Verified Correct Copy of Original 5/4/2023._

ORCP 68A(2) prohibits the recovery of deposition costs unless otherwise provided by rule or statute. Defendants are not entitled to recovery of their deposition costs.

Defendants argue that they are entitled to recover costs for computer-aided research as charges billed to their clients. ORCP 68A(2) does not spell out computer-aided legal research as a recoverable costs and the court can find no explicit authority for awarding them. Defendants are not entitled to recovery of costs for computer-aided legal research.

The court finds that Defendants are entitled to recovery of costs incurred in pursuing their successful counterclaims in the amount of $11,606.14.

## V.    Conclusion

The court finds Defendants are the sole prevailing party in this matter, awards Defendants attorney fees through April 14, 2023, in the amount of $739,070.88, and awards costs in the amount of $11,606.14.

DATED this 4th day of May 2023.

*Shelley D. Russell*
SHELLEY D. RUSSELL
Circuit Court Judge

11 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 21 of 68
**Exhibit 2
Page 11 of 11**

THIS SPACE PROVIDED FOR RECORDER'S USE ONLY

| Multnomah County Official Records<br>E Murray, Deputy Clerk | 2023-028769 |
| --- | --- |
| | 05/12/2023 08:50:14 AM |
| DEED-DEED    Pgs=2 Stn=77 ATLR<br>$10.00 $11.00 $10.00 $60.00 | $91.00 |

# WHEN RECORDED RETURN TO:

Gren Trust
42 Broad Street Road NO. 131
Manakin Sabot , VA 23103
SEND TAX STATEMENTS TO THE ABOVE TRUST AND ADDRESS

# BARGAIN AND SALE DEED

THE GRANTOR: Foraker Family Trust

THE GRANTEE: The Gren Trust

For in consideration of $490,000, and other valuable consideration, the Grantor grants and releases to the Grantee all of the Grantor's rights, title and in the  following described property:

12407 NE Morris St. Portland, OR 97230     MULTNOMAH COUNTY

DALZIEL TERR LOT 8

Grantor grants all of Grantor's rights, tile and interest in and to the following described property and premises to the Grantee(s) heirs and assigns forever, so that neither Grantor nor Grantor's legal representatives or assigns shall have, claim or demand any right or title to the property.

Exhibit 3
Page 1 of 2

Dated May _10th_, 2023.   _A. Foraker_
Grantor

## STATE OF VIRGINIA
## CITY/COUNTY OF _Goochland_ to with:

The foregoing instrument was acknowledged before me this ___10___ day of May 2023 by PEGGY SUE FORAKER, TRUSTEE OF THE FORAKER FAMILY TRUST DATED OCTOBER 20,2016.

_David Heny Fitzsimmons_
NOTARY PUBLIC

My Commission expires: _March 31, 2024_

Grantee's mailing address:
42 Broad St. Rd.,
Manakin Sabot, VA 23103

DAVID HENRY FITZSIMMONS
Notary Public
Commonwealth of Virginia
Reg. # 7528644
My Commission Expires March 31, 2024

David Henry Fitzsimmons
Notary Public
Commonwealth of Virginia
Reg # 7528644
My Commission expires March 31, 2024

Exhibit 3
Page 2 of 2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| PEGGY S. FORAKER,<br><br>                                              Plaintiff,<br><br>                          vs.<br><br>STEPHEN C. HENDRICKS, an Oregon resident, HENDRICKS LAW FIRM, P.C., an Oregon corporation, HEATHER A. BRANN, an Oregon resident, and HEATHER A. BRANN, PC, an Oregon corporation,<br><br>                                              Defendants. | No. 21CV07345<br><br>**Hon. Shelley D. Russell**<br><br>**SUPPLEMENTAL JUDGMENT AWARDING DEFENDANTS' ATTORNEY FEES THROUGH APRIL 14, 2023 AND MONEY AWARD** |

**SUPPLEMENTAL JUDGMENT**

For the reasons set out in the Court's May 4, 2023 Order on Cross Petitions for Attorney Fees

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      Judgment is entered in Defendants' favor for attorney fees in the sum of $739,070.88.

2.      Judgment is entered in Defendants' favor for costs and disbursements in the sum of $11,606.14.

3.      The Court awards Defendants a prevailing party fee of $345.00 and an enhanced prevailing party fee of $5,000.00.

///

///

**Page      1 -      SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

EXHIBIT 4
Page 24 of 68
**Exhibit 4
Page 1 of 5**

1
## MONEY AWARD

2

3    Judgment Creditors:                    Hendricks Law, PC
                                             30088 SW Egger Rd.
4                                            Hillsboro, Oregon 97123

5                                            Heather A. Brann PC
                                             1351 NE East Devils Lake Rd.
6                                            Otis, Oregon 97368

7

8    Judgment Creditors' Attorneys:         David B. Markowitz
                                             Molly Honoré
9                                            Markowitz Herbold PC
                                             1455 SW Broadway, Suite 1900
10                                           Portland, OR 97201

11                                           Heather A. Brann
                                             Heather A. Brann PC
12                                           PO Box 11588
                                             Portland, OR 97211
13

14                                           Jon W. Monson
                                             Brian S. Epley
15                                           Cable Huston LLP
                                             1455 SW Broadway, Suite 1500
16                                           Portland, OR  97201

17

18   Payment entitlement:                   There is no known person or public body
                                             known to the judgment creditors who is
19                                           entitled to any portion of the payment made
                                             upon the judgment.
20

21   Judgment Debtor:                       Peggy Foraker

22   Judgment Debtor's Attorney:            Katherine R. Heekin
                                             The Heekin Law Firm
23                                           7327 SW Barnes Road, Suite 824
                                             Portland, OR  97225
24

25                                           Cody Hoesly
                                             Barg Singer Hoesly PC
26

**Page    2 -    SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

**Exhibit 4**
EXHIBIT
Page 25 of 68
**Page 2 of 5**

| | |
|---|---|
| 1 | 121 SW Morrison Street |
| 2 | Suite 600 |
| | Portland, Oregon 97204 |
| 3 | |
| | Last Known Address: |
| 4 | 2436 Bridgewater Dr. |
| | Maidens, VA 23102 |

Last Known Address:    2436 Bridgewater Dr.
Maidens, VA 23102

Date of Birth:    12/12/1949

Social Security Number:    ***-**-1781

Attorney Fees:    $739,070.88

Litigation Costs:    $  11,606.14

Prevailing Party fee:    $      345.00
(ORS 22.190(2)(a)(A))
Enhanced Prevailing Party fee:    $    5,000.00
(ORS 20.190(3))

**TOTAL MONEY AWARD**    **$756,022.02**

Post-Judgment Interest:    9% per annum simple interest from entry of judgment in the Circuit Court.

5/16/2023 3:25:16 PM

_signature_

**Circuit Court Judge Shelley D. Russell**

Presented by:

Heather A. Brann, OSB # 040495
Heather A. Brann PC
branns@earthlink.net
*Of Attorneys for Defendants*

Page    3 -    SUPPLEMENTAL JUDGMENT AND MONEY AWARD

EXHIBIT 4
Page 26 of 68
**Exhibit 4**
**Page 3 of 5**

1    **UTCR 5.100(2) CERTIFICATE OF READINESS**

2          I hereby certify that the foregoing proposed judgment or order is ready for judicial
signature based on the following:

3
4    1.     ☐     Each party affected by the order or judgment has stipulated to the
order or judgment, as shown by each party's signature on the document being
submitted.

5
6    2.     ☒     Each party affected by this order or judgment has approved the order
or judgment, as shown by each party's signature on the document being
submitted or by written confirmation of approval sent to me.

7
8    3.     ☐     I have served a copy of this order or judgment on each party entitled to
service pursuant to UTCR 5.100 (on _____) and:

9        a.     ☐     No objection has been served on me.

10       b.     ☐     I received objections that I could not resolve with a party
despite reasonable efforts to do so.  I have filed a copy of the
11   objections I received and indicated which objections remain
unresolved.

12       c.     ☐     After conferring about objections [role and name of objecting
13   party] agreed to independently file any remaining objections.

14   4.     ☐     Service is not required pursuant to subsection (3) of this rule, or by
statute, rule or otherwise.

15
16   5.     ☐     This is a proposed judgment that includes an award of punitive
damages and notice has been served on the Director of the Crime Victims'
Assistance Section as required by subsection (5) of this rule.

17
18   6.     ☐     Other: _____

    DATED this 9th day of May, 2023.

19
20                   HEATHER A. BRANN PC

21               By:    */s/ Heather A. Brann*
22                      Heather A. Brann, OSB #040495
                   *Brann Defendants*

23
24
25
26

**Page**    **4 -**    **SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

EXHIBIT 4
Page 27 of 68
**Exhibit 4**
**Page 4 of 5**

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, I have made service of the foregoing **JUDGMENT** on the parties listed below in the manner indicated:

Katherine R. Heekin
The Heekin Law Firm
7327 SW Barnes Road, Suite 824
Portland, OR  97225

*Attorney for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☒ Hand Delivery
☐ Overnight Courier
☒ Email - katherine@heekinlawoffice.com
☐ Odyssey File & Serve™

Cody Hoesly
Barg Singer Hoesly, PC
121 SW Morrison Street, Suite 600
Portland, Oregon  97204

*Attorney for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☒ Hand Delivery
☐ Overnight Courier
☒ Email – choesly@bargsinger.com
☐ Odyssey File & Serve™

Jon W. Monson
Brian S. Epley
Cable Huston LLP
1455 SW Broadway, Suite 1500
Portland, OR  97201

*Attorney for Defendants Hendricks*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email - jmonson@cablehuston.com
bepley@cablehuston.com
☐ Odyssey File & Serve™

David B. Markowitz
Molly Honoré
Hannah Hoffman
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201

*Attorney for Defendants*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email-
davidmarkowitz@markowitzherbold.com
mollyhonore@markowitzherbold.com
hannahhoffman@markowitzherbold.com

☐ Odyssey File & Serve™

DATED this 9th day of May, 2023.

HEATHER A. BRANN, PC

*/s/ Heather A. Brann*

Heather A. Brann, OSB #040495
*Brann Defendants*

**CERTIFICATE OF SERVICE**

EXHIBIT 4
Page 28 of 68
**Exhibit 4**
**Page 5 of 5**

1

2

3

4

5    IN THE CIRCUIT COURT OF THE STATE OF OREGON

6    FOR THE COUNTY OF MULTNOMAH

7

8    HENDRICKS LAW FIRM, P.C., an Oregon        Case No. 23CV23474
     corporation, and HEATHER A. BRANN,
9    PC, an Oregon corporation,                 **FIRST AMENDED COMPLAINT**
                                                 **(Uniform Fraudulent Transfer Act, and**
                            Plaintiffs,          **Creditors' Bill to Determine Priorities of**
10                                               **Interests in Certain Real and Personal**
                                                 **Property)**
11                   v.
                                                 **CASE NOT SUBJECT TO MANDATORY**
12   PEGGY S. FORAKER, as an individual,         **ARBITRATION**
     and as trustee of the Foraker Family Trust,
13   and MCKENZIE LEIGH FORAKER, as             Equitable Relief Requested
     trustee of the Gren Trust,
14                                               Fee Authorized by: ORS 21.135(1), (2)(a)
                            Defendants.
15

16         Plaintiffs allege as follows:

17                                          1.

18         Plaintiff Hendricks Law Firm, P.C. was and is a professional corporation licensed to do

19   business in Oregon.

20                                          2.

21         Plaintiff Heather A, Brann, PC, was and is a professional corporation licensed to do

22   business in Oregon.

23                                          3.

24         Defendant Peggy S. Foraker ("Foraker") was and is an individual who resides in

25   Virginia, and that has an ownership interest in the real property that is the subject of this action

26   (Property), which has a street address of 12407 NE Morris St., Portland, Oregon, 97230, and is

Page  1 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 29 of 68

1   legally described as follows:

2        Lot 8, DALZIEL TERRACE, LOTS 7 TO 17 INCLUSIVE, in the City of Portland,

3   County of Multnomah and State of Oregon.

4                               4.

5        Defendant McKenzie L. Foraker is an individual who resides in Virginia, and as trustee

6   of the Gren Trust, and a beneficiary of the Gren Trust, she claims to have an ownership interest

7   in the Property.

8                    **FACTUAL HISTORY**

9                               5.

10        In about 2012, Foraker was in a severe vehicular accident.  Plaintiffs represented Foraker

11  against her auto insurer in protracted litigation that took over 8 years (the "USAA litigation").

12                             6.

13        In 2016, Foraker caused to be created a revocable living trust called the Foraker Family

14  Trust.

15                             7.

16        On or about March 1, 2019, Foraker purchased the Property out right with proceeds she

17  received from the USAA litigation.  She purchased the Property as trustee for the Foraker Family

18  Trust.  A copy of the deed is attached and incorporated here as **Exhibit 1**.

19                             8.

20        On or about March 1, 2021, Foraker filed a lawsuit against Plaintiffs in Multnomah

21  County Circuit Court Case No. 21CV07345 asserting claims for breach of fiduciary duty,

22  professional negligence, Elder Financial Abuse, and Declaratory Judgment (the "Lawsuit").

23                             9.

24        On or about July 11, 2022, the Court found that Foraker's claims in the Lawsuit, against

25  Plaintiffs, were at base a contractual dispute over the payment of attorney fees to Plaintiffs

26  pursuant to a valid and enforceable contingent fee agreement, that Plaintiffs did not charge a fee

Page  2 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330
EXHIBIT 1
Page 30 of 68

in excess of what they were contractually entitled to, that there was abundant evidence that Foraker had capacity at all relevant times and acted knowingly in her interactions with Plaintiffs, and the Court granted summary judgment against all of Foraker's claims because of its finding that there was no genuine issue of material fact from which a reasonable juror could find in Foraker's favor.

10.

On or about March 7, 2023, the Court entered a general judgment against Foraker, dismissing all of her claims asserted in the Lawsuit with prejudice.

11.

On or about May 4, 2023, the Court ordered that Foraker is responsible for the Plaintiffs' attorney fees incurred in defending themselves against her claims in the Lawsuit, through April 14, 2023, in the amount of $739,070.88, and their costs in the amount of $11,606.14, and a prevailing party fee of $345, and an enhanced prevailing party fee of $5,000. A copy of the Court's order is attached and incorporated here as **Exhibit 2**.

12.

After May 4, 2023, Foraker and the Plaintiffs were discussing and negotiating the form of judgment that would be entered in accordance with the Court's May 4 order.

13.

On about May 10, 2023, Foraker signed a document that states it creates a Virginia irrevocable trust called the Gren Trust.

14.

Defendant McKenzie Foraker is named as the trustee of the Gren Trust, and the assets of the Gren Trust are to be used for the care and wellbeing of Foraker, with Defendant McKenzie Foraker being one of the two beneficiaries of the trust assets upon Foraker's death.

15.

Also on May 10, 2023, Foraker signed a bargain and sale deed that states she, as trustee

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 31 of 68

of the Foraker Family Trust, conveyed the Property to the Gren Trust (Deed). A copy of the Deed is attached and incorporated here as **Exhibit 3**. The Property remains occupied by Foraker's sister, as it was prior to the conveyance.

16.

The Deed states that the Foraker Family Trust received $490,000 in exchange for the conveyance, but in fact no money has been provided in exchange for the Property.

17.

To date, the Gren Trust has not provided any consideration for the Property.

18.

Also on May 10, 2023, Foraker signed a document that states she, as trustee of the Foraker Family Trust, conveyed property she owns in Virginia to the Gren Trust, without any consideration being provided in exchange.

19.

Foraker, and her daughter Defendant McKenzie Foraker, still reside at the Virginia property, as they did prior to the conveyance.

20.

On May 12, 2023, Foraker caused the Deed to be recorded in Multnomah County, Oregon.

21.

On May 16, 2023, this Court signed a supplemental judgment based on the Court's May 4 order, and this supplemental judgment was entered by this court on May 17, 2023. A copy of the supplemental judgment is attached and incorporated here as **Exhibit 4**.

22.

On May 25, 2023, Plaintiffs sent a letter, via regular and certified mail, to Foraker demanding payment without ten (10) days of the supplemental judgment. Foraker personally signed for the certified mailing of this letter on about May 31, 2023.

Page  4 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 32 of 68

23.

On June 9, 2023, Plaintiffs conducted a debtor examination of Foraker.  In the course of that examination, Foraker testified that she had conveyed essentially all of her assets to the newly created Gren Trust.

24.

Foraker testified that the only asset that she still owns that has substantial monetary value is her IRA, which is a retirement account that is protected under state and federal law from execution, and thus unavailable to be levied for payment of Plaintiffs' supplemental judgment.

25.

When asked how Foraker intends to pay the supplemental judgment, she testified that she does not have assets with which to pay, and that she does not intend to voluntarily pay any money to Plaintiffs.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF**

**(Oregon's Uniform Fraudulent Transfer Act)**

Plaintiffs re-allege paragraphs 1-25 as though fully set forth here.

26.

Despite the language in the Deed, Foraker admits that she has not received any consideration for the Property.

27.

Foraker's conveyance of the Property to the Gren Trust was to an insider, not an arms-length transaction.

28.

Foraker's creation of the Gren Trust, and the transfer of the Property and the Virginia property (collectively, Properties) was made after Plaintiffs' claims against Foraker arose, and at a time when she knew or reasonably should have known that she owed Plaintiffs' money.

///

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 33 of 68

29.

Foraker's transfer of the Properties was made at a time when she knew that after the transfer of the Properties, she would incur a debt owing to the Plaintiffs that would be beyond her ability to pay.

30.

Foraker has said that she does not intend to give the Plaintiffs any money to satisfy the supplemental judgment that was entered in their favor on May 17, 2023.

31.

Foraker became insolvent as a result of the transfer of the Properties.

32.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.230(1)(a) because of the facts alleged in paragraphs 1-31 above.

33.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.230(1)(b) because of the facts alleged in paragraphs 26, and 28-31 above.

34.

Foraker's transfer of the Properties was fraudulent pursuant to ORS 95.240(1), (2) because of the facts alleged in paragraphs 26-31 above.

35.

Plaintiffs have a right to recover their attorney fees incurred in bringing this action, pursuant to the written fee agreement in place between Plaintiffs and Foraker.

36.

Pursuant to the ORS 95.260, Plaintiffs are entitled to the following relief:

    a.   An order avoiding the transfer of the Property, as fully described in Exhibit 1, to the extent necessary to satisfy Plaintiff's claims;

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 34 of 68

b. Attachment of a judgment lien onto the Property, in accordance with applicable Oregon statutes and the Oregon Rules of Civil Procedure;

c. An order that authorizes the sheriff to conduct an execution sale of the Property to satisfy the supplemental judgment owing to the Plaintiffs;

d. An order enjoining Defendants from causing any waste of the Property; and/or

e. Any other relief the circumstances may require.

**PLAINTIFFS' SECOND CLAIM FOR RELIEF**

**(Creditors' Bill to Determine Priorities of Interests in the Property**

**and in certain personal property)**

37.

Plaintiffs re-allege paragraphs 1-25 as though fully set forth here.

38.

From about 2012 to 2021, Plaintiffs expended a significant amount of time, effort, and resources in pursuing the USAA Litigation on behalf of Foraker.

39.

Foraker purchased the Property from proceeds that she received from the USAA Litigation.

40.

Foraker hired Katherine R. Heekin, and/or Katherine R. Heekin, P.C., doing business as The Heekin Law Firm, ("Heekin") to represent her regarding potential claims against Plaintiffs.

41.

In March 2021, Heekin commenced the Lawsuit on Foraker's behalf asserting multiple claims against the Plaintiffs, essentially asserting that Plaintiffs wrongfully took more money than they were owed for the services rendered to Foraker.

42.

Despite multiple attempts by Plaintiffs to reach an amicable resolution of the Lawsuit,

Page  7 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 35 of 68

Foraker was unwilling to compromise her position that the Plaintiffs should not be paid the fee that she had agreed to in the contingent fee agreement she had entered into with the Plaintiffs.

43.

Plaintiffs believe that further evidence will show that Heekin was advising Foraker that she had a strong legal basis to prevail in the Lawsuit when, in fact, she did not.

44.

The claims that Heekin asserted in the Lawsuit, on Foraker's behalf, were without legal merit.

45.

As a result of the Lawsuit, Foraker has lost her claims and owes a significant amount of money to the Plaintiffs, as reflected in the supplemental judgment.

46.

Upon entry of the supplemental judgment, Plaintiffs learned that days earlier Foraker had transferred the Property to the Gren Trust, which is controlled by her daughter, Defendant McKenzie L. Foraker.

47.

Foraker's transfer of the Property prevented Plaintiffs' supplemental judgment from becoming a judgment lien on the Property, as it otherwise would have pursuant to Oregon law.

48.

Defendant McKenzie L. Foraker, as trustee for the Gren Trust, claims an interest in the Property as a result of the May 10 conveyance of the Property to the Gren Trust.

49.

Foraker's conveyance of the Property to Defendant McKenzie L. Foraker, as trustee for the Gren Trust, was done without any consideration, putting a significant asset of Foraker's out of reach of Plaintiffs just days before the Court awarded the supplemental judgment against Foraker and in Plaintiffs' favor.

Page  8 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330
EXHIBIT 1
Page 36 of 68

50.

Foraker claims that, after her transferring property to the Gren Trust, she no longer has assets sufficient to pay the supplemental judgment.

51.

Plaintiffs have no adequate remedy at law as Foraker has placed her assets into the Gren Trust.

52.

Plaintiffs are entitled to a judgment lien on the Property and for an order allowing for the sale of the Property to satisfy the debt owed to Plaintiffs pursuant to the supplemental judgment, and an order enjoining the Defendants from causing waste to the Property, all as set forth in paragraph 36 above.

53.

Plaintiffs are entitled to an order seizing Foraker's right to pursue a legal malpractice claim ("Claim") against Heekin, and ordering the sale of the Claim to satisfy the debt owed to Plaintiffs pursuant to the supplemental judgment.

54.

Plaintiffs have a right to recover their attorney fees incurred in bringing this action, pursuant to the written fee agreement in place between Plaintiffs and Foraker.

WHEREFORE, Plaintiffs prays for judgment in their favor and against Defendants as follows:

On Plaintiffs' First Claim for Relief:

1.   An Order providing Plaintiff with equitable relief as requested in paragraph 36 above;

2.   For an award of Plaintiffs' attorney fees and costs; and

3.   For such other relief as this Court finds just.

On Plaintiffs' Second Claim for Relief:

1.   An Order providing Plaintiff with equitable relief as requested in paragraph 52 above;

2.   For an Order seizing Foraker's right to pursue a legal malpractice Claim;

Page  9 – **COMPLAINT**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330
EXHIBIT 1
Page 37 of 68

3.  For an Order authorizing the Claim to be sold by the Multnomah County Sheriff in the manner provided by law as on execution, and that Plaintiffs be permitted to purchase the Claim at the sale;

4.  For an award of Plaintiffs' attorney fees and costs; and

5.  For such other relief as this Court finds just.

DATED this 5th day of July, 2023.

/s/ Tim L. Eblen
Tim L. Eblen, OSB No. 050252
tim@eblenfreed.com
Of Attorneys for Plaintiffs

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 38 of 68

RECORDING REQUESTED BY:

# Lawyers Title

1433 SW 6th Avenue
Portland, OR 97201

| Multnomah County Official Records E Murray, Deputy Clerk | **2019-021270** |
| --- | --- |
| | 03/01/2019 02:50:48 PM |
| 1R-W DEED     Pgs=3 Stn=36 HENTGESB $15.00 $11.00 $6.00 $60.00 | **$92.00** |

**AFTER RECORDING RETURN TO:**
Order No.: 161900183-LW
Peggy Foraker
The Foraker Family Trust
12407 NE Morris Street
Portland, OR 97230

**SEND TAX STATEMENTS TO:**
The Foraker Family Trust
12407 NE Morris Street
Portland, OR 97230

APN: R144381

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## STATUTORY WARRANTY DEED

**Diane Christine Larson, Successor Trustee of the Berdean Faye Olson Family Trust, dated March 28, 1996,** Grantor, conveys and warrants to **Peggy Sue Foraker, Trustee of The Foraker Family Trust dated October 20, 2016,** Grantee, the following described real property, free and clear of encumbrances except as specifically set forth below, situated in the County of Multnomah, State of Oregon:

Lot 8, DALZIEL TERRACE, LOTS 7 TO 17 INCLUSIVE, in the City of Portland, County of Multnomah and State of Oregon.

THE TRUE AND ACTUAL CONSIDERATION FOR THIS CONVEYANCE IS THREE HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS **($360,000.00).**  (See ORS 93.030).

**Subject to:**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.**

EXHIBIT 1
Page 39 of 68

**Exhibit 1**
**Page 1 of 3**

## STATUTORY WARRANTY DEED
### (continued)

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

Dated: March 1, 2019

Berdean Faye Olson Family Trust, dated March 28, 1996

BY: Diane Christine Larson
    Diane Christine Larson
    Successor Trustee

State of Oregon
County of Clackamas

This instrument was acknowledged before me on 3/1/2019 by Diane Christine Larson as Successor Trustee of the Berdean Faye Olson Family Trust, dated March 28, 1996.



Notary Public - State of Oregon

My Commission Expires: 2/17/20

OFFICIAL STAMP
LYNDSAY MICHELLE WILLIAMS
NOTARY PUBLIC-OREGON
COMMISSION NO. 947566
MY COMMISSION EXPIRES FEBRUARY 17, 2020

EXHIBIT 1
Page 40 of 68
**Exhibit 1**
**Page 2 of 3**

**EXHIBIT "A"**
Exceptions

**Subject to:**

City Liens, if any, in favor of the City of Portland.  None found as of February 28, 2019.

Restrictions, but omitting restrictions, if any, based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said restriction is permitted by applicable law, as shown on that certain plat

Name of Plat:          Dalziel Terrace

EXHIBIT 1
Page 41 of 68
**Exhibit 1**
**Page 3 of 3**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FILED

2023 MAY -4 PM 3:38

COUNTY OF MULTNOMAH

4TH JUDICIAL DIST.

|  |  |
|---|---|
| **PEGGY S. FORAKER**, | |
| Plaintiff, | **CASE NO. 21CV07345** |
| vs. | **OPINION AND ORDER ON CROSS** |
| **STEPHEN C. HENDRICKS,** et al., | **PETITIONS FOR ATTORNEY FEES** |
| Defendants. | |

This matter came before the court on April 14, 2023, for hearing on the parties' Cross

Petitions for Attorney Fees.  Plaintiff appeared through her attorney Katherine Heekin.

Defendants appeared through their attorney Molly Honore. The Honorable Shelley D. Russell

presided.

Plaintiff and Defendants each argue that they are entitled to recovery of attorney fees

and costs based on the language of the Attorney Fee Agreement at issue in this case which

states in relevant part that with regard to "any dispute regarding payment" of attorney fees,

"the prevailing party shall be entitled to a reasonable fee from the party opposing the

prevailing party." In this heavily litigated dispute, both sides argue that they are the prevailing

party. For the reasons stated below, I find that Defendants are the sole prevailing party and

should be awarded their fees.

I.    **DETERMINATION OF PREVAILING PARTY**

Plaintiff argues that she is the prevailing party as to those counterclaims that

Defendants did not replead, and as to Defendants' 2nd Counterclaim which was voluntarily

dismissed by Defendants as moot. Defendants argue that Plaintiff is not the prevailing party as

1 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 42 of 68
**Exhibit 2**
**Page 1 of 11**

to any of Defendants' counterclaims because the Fee Agreement envisions only one prevailing party, because Defendants are the only parties that obtained all relief they sought in the case, because Plaintiff is not entitled to fees on Defendants' voluntarily dismissed 2nd Counterclaim, and because Plaintiff failed to plead an entitlement to fees on the other dismissed Counterclaims.

For purposes of determining who is the prevailing party, the relevant procedural history of the instant case is as follows:

→    November 2, 2021, the court ruled on Plaintiff's Rule 21 Motions to Dismiss/Make More Definite and Certain, granting Plaintiff's motion as to Defendants' 4th through 7th Counterclaims with leave to amend to make more definite and certain. Defendants elected not to replead their 5th, 6th and 7th Counterclaims.

→    January 6, 2022, the court denied Plaintiff's Rule 21 Motions to Dismiss Defendants' Counterclaims.

→    February 9, 2022, the court granted Defendants' Partial Motion for Summary Judgment as to the majority of their claims but denied summary judgment on Defendants' 2nd Counterclaim as questions of fact precluded summary judgment on that claim.

→    July 11, 2022, the court granted Defendants' Motion for Summary Judgment against all of Plaintiffs' claims and denied summary judgment as to Defendants' 2nd Counterclaim, again because there were questions of fact for a jury to decide as to that counterclaim.

→    November 1, 2022, the court denied Plaintiff's Motion for Summary Judgment in their entirety, including against Defendants' 2nd Counterclaim. The court granted Defendants'

2 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 43 of 68
**Exhibit 2**
**Page 2 of 11**

Verified Correct Copy of Original 5/4/2023.

_Verified Correct Copy of Original 5/4/2023._

Motion for Summary Judgment on Defendants' 1st and 3rd – 5th Counterclaims, essentially granting all relief sought by Defendants and rendering their 2nd Counterclaim moot. The court at this time did not dismiss Defendants' 2nd Counterclaim.

→    Over Plaintiff's objection, Defendants subsequently voluntarily dismissed their 2nd Counterclaim as they had already been granted all relief they requested. The 2nd Counterclaim was dismissed by order of Judge David Rees with language allowing Plaintiff to argue that she was prevailing party on this claim.

According to ORS 20.077(2), the "prevailing party" is "the party who receives a favorable judgment * * * on the claim[.]" In actions involving multiple claims and counterclaims, there can be more than one "prevailing party." *Lemargie v. Johnson*, 212 Or.App. 451, 454 n. 3 (2007). To determine who is the prevailing party the court must weigh on a claim-by-claim basis, what was sought be each party against the result obtained. *Beggs v. Hart*, 221 Or.App. 528, 536-37 (2008).

Where a party voluntarily dismisses a claim, there is no "prevailing party" for purposes of a fee award. *Chinese Consolidated Benevolent Assoc. v. Chin*, 316 Or.App. 514, 521 (2021). Voluntary dismissal of a claim renders the underlying merits of the claim, as well as the defenses attacking that claim, moot. ORCP 54.  Once a claim is rendered moot, the court lacks jurisdiction to resolve its merits solely for the purpose of determining attorney fee entitlement.

Here, the plain language of the Fee Agreement between the parties envisions one prevailing party in any dispute between them. The "dispute" at issue in this case was how to calculate the fee to which Defendants are entitled under the Fee Agreement: 40% of the entire recovery in the underlying case or the attorney fee awarded by the federal court. This court's

3 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 44 of 68
**Exhibit 2**
**Page 3 of 11**

_Verified Correct Copy of Original 5/4/2023._

ruling on the parties' competing summary judgment motions answered that question in

Defendants' favor. Under the interpretation of the Fee Agreement language, Defendants are

the prevailing parties.

As to the dismissal of Defendants' Counterclaims in the instant case, because

Defendants elected not to replead their 5th though 7th Counterclaims, they were essentially

rendered moot and were not resolved on their merits. The same is true for Defendants'

voluntarily dismissed 2nd Counterclaim. Furthermore, examining the relative success of the

parties at achieving their goals, the dismissal of these counterclaims did not achieve a better

result for Plaintiff or a worse result for Defendants. The dismissed counterclaims sought the

same relief Defendants succeeded in securing through summary judgment on their surviving

counterclaims. Plaintiff, on the other hand, was wholly unsuccessful in achieving any of the

relief she sought. Balancing the relief sought by each party against the result obtained,

Defendants are far and away the prevailing parties in this action.

## II.      Entitlement to and Amount of Fees

Turning to the determination of the amount and reasonableness of the fees sought by

Defendants, the court must consider the factors set out in ORS 20.075(1) (whether to award

fees) and (2) (amount to award).

### A.  ORS 20.075(1) Factors

**ORS 20.075(1)(a) – The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct that was reckless, willful, malicious, in bad faith, or illegal.**

Plaintiff Foraker spent her long legal career litigating personal injury cases and was

intimately familiar with the nature and kinds of fee agreements attorneys use in that type of

4 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 45 of 68
**Exhibit 2**
**Page 4 of 11**

Verified Correct Copy of Original 5/4/2023.

litigation. Although Plaintiff Foraker claimed that a brain injury impeded her understanding of the Fee Agreement at issue in this case, she continued to practice law for a number of years after suffering said injury, and engaged in educated, knowledgeable discussions and debates with Defendants and with her counsel in this lawsuit throughout the course of this litigation. Plaintiff's actions in assuring Defendants they would be paid, then suing them once their drafting work on Plaintiff's appeal was complete strike this court as disingenuous at best, and conniving at worst. This court ultimately found her claims of wrongdoing by Defendants unsupported by evidence and dismissed them all. This factor supports an award of attorney fees and costs to Defendants.

**ORS 20.075(1)(b) – The objective reasonableness of the claims and defenses asserted by the parties.**

In light of the overwhelming success of Defendants' efforts on Plaintiff's behalf in the underlying federal litigation, the plain language of the Fee Agreement, as well as Plaintiff's own knowledge and experience in the field, the claims Plaintiff brought in this lawsuit are objectively unreasonable. This factor supports an award of attorney fees and costs to Defendants.

**ORS 20.075(1)(c) – The extent to which an award of attorney fees in the case would deter others from asserting good faith claims or defenses in similar cases.**

An award of attorney fees and costs in this case would encourage others to assert good faith claims and defenses in similar cases. This factor favors Defendants.

**ORS 20.075(1)(d) – The extent to which an award of attorney fees in the case would deter others from asserting meritless claims and defenses.**

Exposure to attorney fees and costs would deter others from asserting similarly meritless claims and defenses. This factor favors Defendants.

EXHIBIT 2
Page 46 of 68
**Exhibit 2**
**Page 5 of 11**

_Verified Correct Copy of Original 5/4/2023._

**ORS 20.075(1)(e) – The objective reasonableness of the parties and the diligence of the parties and attorneys during the proceedings.**

This has been a hard-fought case by all parties involved. From the court's perspective, emotions have more than once clouded reason between and among the parties on both sides of the aisle but appear to have affected Plaintiff Foraker's ability to see this case clearly and to make rational decisions to a greater extent than it has Defendants. This factor weighs in favor of Defendants.

**ORS 20.075(1)(f) – The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.**

Despite this court's rulings on summary judgment, and according to the declarations of counsel submitted by Defendants, it appears that settlement discussions between the parties were entirely unproductive. Defendants state that they made four settlement offers to Plaintiff over the course of this case and participated in one global settlement conference, but Plaintiff made no effort to engage in fruitful discussion. Plaintiff argues Defendants' settlement offers were unreasonable and would have required her to pay Defendants money she believed belonged to her from the federal litigation. On balance, the court finds that this factor weighs in favor of Defendants.

**ORS 20.075(1)(g) – The amount the court has awarded as a prevailing party fee under ORS 20.190.**

Based on my findings under ORS 20.075, the court awards Defendants an enhanced prevailing party fee in the amount of $5,000 pursuant to ORS 20.190(3).

**ORS 20.075(1)(h) – Such other factors as the court may consider appropriate under the circumstances of the case.**

EXHIBIT 2
Page 47 of 68
**Exhibit 2**
**Page 6 of 11**

_Verified Correct Copy of Original 5/4/2023._

This case has involved scorched earth litigation on both sides. Throughout this case it appears that every issue, no matter how small, has been analyzed, briefed, and argued at great length and detail due to the personal and professional reputations at stake for all involved. This court is not blind to the toll this matter has taken on the parties and counsel. To some extent emotion rather than logic has been driving this litigation, resulting in hundreds of hours of time and great expense. Plaintiff made certain choices in this litigation that increased her exposure to defense fees and costs and must now bear the brunt of those fees and costs.

The court finds that an award of attorney fees and costs to Defendants is appropriate pursuant to the factors in ORS 20.075(1).

### B.  ORS 20.075(2) Factors

Once the court has determined that an award of fees to the prevailing party is appropriate based on the ORS 20.075(1) factors, the court must determine a reasonable amount of fees. To determine the amount of fees to award, the court considers not only the ORS 20.057(1) factors, but must examine the factors set out in ORS 20.075(2) as well.

**ORS 20.075(2)(a) – The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding, and the skill needed to properly perform the services.**

Both parties submitted itemized statements of time charged in this matter which the court has reviewed. In addition, the court examined the time records of PLF counsel with the Cable Houston firm for comparison with the records submitted by Defendants. Cable Houston time was incurred by the Professional Liability Fund on behalf of Defendants in their defense against Plaintiff's claims and is not sought in Defendants' fee petition. It is the court's understanding that there is no dispute as to the hourly rates charged by Defense counsel in this

7 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 48 of 68
**Exhibit 2**
**Page 7 of 11**

_Verified Correct Copy of Original 5/4/2023._

case, only as to the number hours billed. All of the attorneys involved in this case are highly skilled, well-respected members of the bar.

The novelty and difficulty of the questions involved in this case are clear. There is little to no Oregon case law addressing disputes over contingent fee agreements and attorney fees resulting therefrom. The theories posited by Plaintiff were for the most part novel and inventive albeit unsuccessful. This was a hard-fought case on both sides.

**ORS 20.075(2)(b) – The likelihood, if known to the client, that the acceptance of this case would preclude the attorney from taking other cases.**

This factor is not relevant to these proceedings.

**ORS 20.075(2)(c) – The fee customarily charged in the locality for similar legal services.**

The court finds that the hourly rates charged by the attorneys in this case are reasonable. The court further acknowledges that defense counsel reduced their rates slightly for Defendants.

**ORS 20.075(2)(d) – The amount involved in the controversy and the results obtained.**

The amount sought by the Plaintiff in this case exceeded $4.8 million, of which she recovered nothing. The fees sought by Defendants are roughly 20% of Plaintiff's prayer. Defendants defeated Plaintiff's claims and succeeded on four of their seven counterclaims, granting them the entirety of the relief they sought.

**ORS 20.075(2)(e) – The time limitations imposed by the client or the circumstances of the case.**

This factor is not relevant to these proceedings.

**ORS 20.075(2)(f) – The nature and length of the attorney's professional relationship with the client.**

This factor is not relevant to these proceedings.

8 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 49 of 68
**Exhibit 2**
**Page 8 of 11**

_Verified Correct Copy of Original 5/4/2023._

**ORS 20.057(2)(g) – The experience, reputation, and ability of the attorney performing the services.**

As stated above, the attorneys involved in this case are all experienced, well known, highly competent and skilled counsel. This factor is reflected in the lack of dispute over the hourly rates sought by Defense counsel.

**ORS 20.075(2)(h) & (i) are not relevant to these proceedings and do not factor into this opinion.**

### C.  Attorney Fees Billed by Defendants Hendricks and Brann Individually

Both Hendricks and Brann submit their own billing records for time they spent assisting with the litigation, conducting research and preparing briefs. The parties dispute whether such time is recoverable by a litigant/attorney.  Both Hendricks and Brann submitted detailed declarations and billing records segregating time spent performing legal tasks from time spent participating as clients in the case. I find that pursuant to *Colby v. Gunson*, 349 Or. 1 (2010); and *Moro v. State*, 360 Or. 467 (2016), Hendricks and Brann are entitled to recover fees for their time spent performing legal work in the case.

### III.    Reasonable Attorney Fees

No objection was made to the hourly rates sought by Defendants in this litigation. Defendants submitted supporting evidence in the form of declarations and surveys regarding the rates they charge. The court finds the hourly rates are reasonable.

Plaintiff argues for a reduction in Defendants' time on the basis that Defendants utilized many associates and partners in the Markowitz firm along with Defendants Hendricks and Brann while Plaintiff only employed the services of two attorneys. Plaintiff claims Defendants submitted duplicate time entries for multiple attorneys and charged excessive fees for work

EXHIBIT 2
Page 50 of 68
**Exhibit 2**
**Page 9 of 11**

_Verified Correct Copy of Original 5/4/2023._

that required limited discovery, depositions, and legal research. Plaintiff also objects to time spent pursuing remedies in the federal court case.

Defendants argue that the nature and novelty of this case warranted the amount of time, the number of attorneys, and the hourly rates sought because Plaintiff engaged in unreasonable litigation practices that necessitated the motions practice, research, strategizing and discovery Defendants undertook. Defendants argue that Plaintiff had numerous opportunities to resolve this litigation without both sides incurring high fees but chose not to.

Both sides accuse the other of nefarious motives, less than ethical conduct, and over-litigating this case.

The court finds that both sides have a point. The fees sought by Defendants based on the time spent are extraordinarily high, however, those fees were driven in part by Plaintiff's litigation strategies and Defendants' need to respond. Following a review of the time records of the parties and Plaintiffs' objections to specific time records as set out in Plaintiff's counsel's Declaration Exhibits, the court finds that the fees sought by Defendants should be reduced by 25% across the board and awards Defendants fees in the amount of $739,070.88 for time incurred through April 14, 2023.

## VI.    Costs

The authority to award costs is controlled entirely by statute. *Blacknall v. Board of Parole,* 223 Or.App. 294, 196 P.3d 20 (2008), *aff'd,* 348 Or. 131, 229 P.3d 595 (2010). ORCP 68A(2) provides that costs incurred (other than for legal services) in pursuing an action are recoverable.

10 — ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 51 of 68
**Exhibit 2**
**Page 10 of 11**

_Verified Correct Copy of Original 5/4/2023._

ORCP 68A(2) prohibits the recovery of deposition costs unless otherwise provided by rule or statute. Defendants are not entitled to recovery of their deposition costs.

Defendants argue that they are entitled to recover costs for computer-aided research as charges billed to their clients. ORCP 68A(2) does not spell out computer-aided legal research as a recoverable costs and the court can find no explicit authority for awarding them. Defendants are not entitled to recovery of costs for computer-aided legal research.

The court finds that Defendants are entitled to recovery of costs incurred in pursuing their successful counterclaims in the amount of $11,606.14.

## V.    Conclusion

The court finds Defendants are the sole prevailing party in this matter, awards Defendants attorney fees through April 14, 2023, in the amount of $739,070.88, and awards costs in the amount of $11,606.14.

DATED this 4th day of May 2023.

*Shelley D. Russell*
SHELLEY D. RUSSELL
Circuit Court Judge

11 – ORDER ON CROSS PETITIONS FOR ATTORNEY FEES

EXHIBIT 2
Page 52 of 68
**Exhibit 2**
**Page 11 of 11**

THIS SPACE PROVIDED FOR RECORDER'S USE ONLY

| Multnomah County Official Records<br>E Murray, Deputy Clerk | **2023-028769** |
|---|---|
| | 05/12/2023 08:50:14 AM |
| DEED-DEED    Pgs=2 Stn=77 ATLR<br>$10.00 $11.00 $10.00 $60.00 | $91.00 |

WHEN RECORDED RETURN TO:

Gren Trust
42 Broad Street Road NO. 131
Manakin Sabot ,VA 23103
SEND TAX STATEMENTS TO THE ABOVE TRUST AND ADDRESS

## BARGAIN AND SALE DEED

THE GRANTOR: Foraker Family Trust

THE GRANTEE: The Gren Trust

For in consideration of $490,000, and other valuable consideration, the Grantor grants and releases to the Grantee all of the Grantor's rights, title and in the  following described property:

12407 NE Morris St. Portland, OR 97230    MULTNOMAH COUNTY

DALZIEL TERR LOT 8

Grantor grants all of Grantor's rights, tile and interest in and to the following described property and premises to the Grantee(s) heirs and assigns forever, so that neither Grantor nor Grantor's legal representatives or assigns shall have, claim or demand any right or title to the property.

Exhibit 3<br>Page 1 of 2

Dated May _10th_, 2023.   _A.H. Foraker_
                           Grantor

**STATE OF VIRGINIA**
**CITY/COUNTY OF** ___Goochland___, to with:

The foregoing instrument was acknowledged before me this ___10___ day of May 2023 by PEGGY SUE FORAKER, TRUSTEE OF THE FORAKER FAMILY TRUST DATED OCTOBER 20, 2016.

_David Henry Fitzsimmons_
                           **NOTARY PUBLIC**

My Commission expires: ___March 31, 2024___

Grantee's mailing address:
42 Broad St. Rd.,
Manakin Sabot, VA 23103

DAVID HENRY FITZSIMMONS
Notary Public
Commonwealth of Virginia
Reg. # 7528644
My Commission Expires March 31, 2024

David Henry Fitzsimmons
Notary Public
Commonwealth of Virginia
Reg # 7528644
My Commission expires March 31, 2024

Exhibit 3
Page 2 of 2

1

2

3

4               IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                      FOR THE COUNTY OF MULTNOMAH

6   PEGGY S. FORAKER,

                                                    No. 21CV07345
7                              Plaintiff,

                                                    **Hon. Shelley D. Russell**
8               vs.

                                                    **SUPPLEMENTAL JUDGMENT**
9   STEPHEN C. HENDRICKS, an Oregon                 **AWARDING DEFENDANTS'**
    resident, HENDRICKS LAW FIRM, P.C., an          **ATTORNEY FEES THROUGH**
10  Oregon corporation, HEATHER A. BRANN,           **APRIL 14, 2023 AND MONEY**
    an Oregon resident, and HEATHER A.              **AWARD**
11  BRANN, PC, an Oregon corporation,

12                             Defendants.

13

14                     **SUPPLEMENTAL JUDGMENT**

15        For the reasons set out in the Court's May 4, 2023 Order on Cross Petitions for

16  Attorney Fees

17        **IT IS HEREBY ORDERED AND ADJUDGED** that:

18

19        1.    Judgment is entered in Defendants' favor for attorney fees in the sum of

20              $739,070.88.

21        2.    Judgment is entered in Defendants' favor for costs and disbursements in the

22              sum of $11,606.14.

23        3.    The Court awards Defendants a prevailing party fee of $345.00 and an

24              enhanced prevailing party fee of $5,000.00.

25  ///

26  ///

**Page    1 -    SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

**Exhibit 4**
Page 1 of 5
EXHIBIT
Page 55 of 68

1

## MONEY AWARD

2

3    Judgment Creditors:                     Hendricks Law, PC
                                             30088 SW Egger Rd.
4                                            Hillsboro, Oregon 97123

5                                            Heather A. Brann PC
                                             1351 NE East Devils Lake Rd.
6                                            Otis, Oregon 97368

7

8    Judgment Creditors' Attorneys:          David B. Markowitz
                                             Molly Honoré
9                                            Markowitz Herbold PC
                                             1455 SW Broadway, Suite 1900
10                                           Portland, OR 97201

11                                           Heather A. Brann
                                             Heather A. Brann PC
12                                           PO Box 11588
                                             Portland, OR 97211
13

14                                           Jon W. Monson
                                             Brian S. Epley
15                                           Cable Huston LLP
                                             1455 SW Broadway, Suite 1500
16                                           Portland, OR  97201

17

18   Payment entitlement:                    There is no known person or public body
                                             known to the judgment creditors who is
19                                           entitled to any portion of the payment made
                                             upon the judgment.
20

21   Judgment Debtor:                        Peggy Foraker

22   Judgment Debtor's Attorney:             Katherine R. Heekin
                                             The Heekin Law Firm
23                                           7327 SW Barnes Road, Suite 824
                                             Portland, OR  97225
24

25                                           Cody Hoesly
                                             Barg Singer Hoesly PC
26

**Page    2 -    SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

EXHIBIT 4
Page 56 of 68
**Exhibit 4**
**Page 2 of 5**

| | | |
|---|---|---|
| 1 | | 121 SW Morrison Street |
| 2 | | Suite 600 |
| | | Portland, Oregon 97204 |
| 3 | | |
| | Last Known Address: | 2436 Bridgewater Dr. |
| 4 | | Maidens, VA 23102 |
| 5 | | |
| | Date of Birth: | 12/12/1949 |
| 6 | | |
| | Social Security Number: | ***-**-1781 |
| 7 | | |
| | Attorney Fees: | $739,070.88 |
| 8 | | |
| | Litigation Costs: | $ 11,606.14 |
| 9 | | |
| 10 | Prevailing Party fee: | $      345.00 |
| | (ORS 22.190(2)(a)(A)) | |
| 11 | Enhanced Prevailing Party fee: | $    5,000.00 |
| | (ORS 20.190(3)) | |
| 12 | | |
| 13 | **TOTAL MONEY AWARD** | **$756,022.02** |
| 14 | Post-Judgment Interest: | 9% per annum simple interest from entry of judgment in the Circuit Court. |

5/16/2023 3:25:16 PM

*Shelley D. Russell*

**Circuit Court Judge Shelley D. Russell**

Presented by:

Heather A. Brann, OSB # 040495
Heather A. Brann PC
branns@earthlink.net
*Of Attorneys for Defendants*

Page    3 -    SUPPLEMENTAL JUDGMENT AND MONEY AWARD

EXHIBIT 4
Page 57 of 68
**Exhibit 4**
**Page 3 of 5**

1

**UTCR 5.100(2) CERTIFICATE OF READINESS**

2      I hereby certify that the foregoing proposed judgment or order is ready for judicial
signature based on the following:

3

4      1.      ☐      Each party affected by the order or judgment has stipulated to the
order or judgment, as shown by each party's signature on the document being
submitted.

5

6      2.      ☒      Each party affected by this order or judgment has approved the order
or judgment, as shown by each party's signature on the document being
submitted or by written confirmation of approval sent to me.

7

8      3.      ☐      I have served a copy of this order or judgment on each party entitled to
service pursuant to UTCR 5.100 (on _____) and:

9           a.      ☐      No objection has been served on me.

10          b.      ☐      I received objections that I could not resolve with a party
despite reasonable efforts to do so.  I have filed a copy of the
objections I received and indicated which objections remain
unresolved.

11

12          c.      ☐      After conferring about objections [role and name of objecting
party] agreed to independently file any remaining objections.

13

14     4.      ☐      Service is not required pursuant to subsection (3) of this rule, or by
statute, rule or otherwise.

15

16     5.      ☐      This is a proposed judgment that includes an award of punitive
damages and notice has been served on the Director of the Crime Victims'
Assistance Section as required by subsection (5) of this rule.

17

18     6.      ☐      Other: _____

DATED this 9th day of May, 2023.

19

20                                   HEATHER A. BRANN PC

21                          By:      */s/ Heather A. Brann*
                                     _____
22                                   Heather A. Brann, OSB #040495
                                     *Brann Defendants*

23

24

25

26

**Page      4 -      SUPPLEMENTAL JUDGMENT AND MONEY AWARD**

EXHIBIT 4
Page 58 of 68
**Exhibit 4**
**Page 4 of 5**

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2023, I have made service of the foregoing **JUDGMENT** on the parties listed below in the manner indicated:

Katherine R. Heekin
The Heekin Law Firm
7327 SW Barnes Road, Suite 824
Portland, OR  97225

*Attorney for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☒ Hand Delivery
☐ Overnight Courier
☒ Email - katherine@heekinlawoffice.com
☐ Odyssey File & Serve™

Cody Hoesly
Barg Singer Hoesly, PC
121 SW Morrison Street, Suite 600
Portland, Oregon  97204

*Attorney for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☒ Hand Delivery
☐ Overnight Courier
☒ Email – choesly@bargsinger.com
☐ Odyssey File & Serve™

Jon W. Monson
Brian S. Epley
Cable Huston LLP
1455 SW Broadway, Suite 1500
Portland, OR  97201

*Attorney for Defendants Hendricks*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email - jmonson@cablehuston.com
bepley@cablehuston.com
☐ Odyssey File & Serve™

David B. Markowitz
Molly Honoré
Hannah Hoffman
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201

*Attorney for Defendants*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email-
davidmarkowitz@markowitzherbold.com
mollyhonore@markowitzherbold.com
hannahhoffman@markowitzherbold.com

☐ Odyssey File & Serve™

DATED this 9th day of May, 2023.

HEATHER A. BRANN, PC

*/s/ Heather A. Brann*

Heather A. Brann, OSB #040495
*Brann Defendants*

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HENDRICKS LAW FIRM, P.C., an Oregon corporation, and HEATHER A. BRANN, PC, an Oregon corporation, | ) ) ) ) ) | Case No. 23CV23474 |
| Plaintiffs, | ) ) | SUMMONS |
| v. | ) ) | |
| PEGGY S. FORAKER, as an individual, and as trustee of the Foraker Family Trust, and MCKENZIE LEIGH FORAKER, as trustee of the Gren Trust. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO:  Peggy S. Foraker**
**2436 Bridgewater Dr.**
**Maidens, VA 23102**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear, Plaintiffs will apply to the court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY!
You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer" must be given to the court clerk or administrator within 30 days, along with the required filing fee.  It must be in proper form and have proof of service on Plaintiff's attorney or, if Plaintiff does not have an attorney, proof of service on Plaintiff.

IF YOU HAVE ANY QUESTIONS, YOU SHOULD SEE AN ATTORNEY IMMEDIATELY.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.  **An Important Notice to Military Personnel and their Dependents is attached.**

_/s/ Tim L. Eblen_
Michelle K. Freed OSB # 042880
Tim L. Eblen OSB # 050252
Of Attorneys for Plaintiff

EXHIBIT 1
Page 60 of 68

STATE OF OREGON, County of Multnomah, ss.

     I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
Attorney of Record for Plaintiff
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, on the Defendant, and to make your proof of service on a separate similar document which you shall attach hereto.

*/s/ Tim L. Eblen*_____
Michelle K. Freed OSB # 042880
Tim L. Eblen, OSB No. 050252
Of Attorneys for Plaintiff

EXHIBIT 1
Page 61 of 68

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HENDRICKS LAW FIRM, P.C., an Oregon corporation, and HEATHER A. BRANN, PC, an Oregon corporation, | ) ) ) ) ) | Case No. 23CV23474 |
| Plaintiffs, | ) ) | SUMMONS |
| v. | ) ) | |
| PEGGY S. FORAKER, as an individual, and as trustee of the Foraker Family Trust, and MCKENZIE LEIGH FORAKER, as trustee of the Gren Trust. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

TO:  **McKenzie Leigh Foraker**
     **2436 Bridgewater Dr.**
     **Maidens, VA 23102**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear, Plaintiffs will apply to the court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY!
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days, along with the required filing fee. It must be in proper form and have proof of service on Plaintiff's attorney or, if Plaintiff does not have an attorney, proof of service on Plaintiff.
IF YOU HAVE ANY QUESTIONS, YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636. **An Important Notice to Military Personnel and their Dependents is attached.**

*/s/ Tim L. Eblen*
Michelle K. Freed OSB # 042880
Tim L. Eblen OSB # 050252
Of Attorneys for Plaintiff

EXHIBIT 1
Page 62 of 68

STATE OF OREGON, County of Multnomah, ss.

    I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
Attorney of Record for Plaintiff
**********************************

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, on the Defendant, and to make your proof of service on a separate similar document which you shall attach hereto.

*/s/ Tim L. Eblen*_____
Michelle K. Freed OSB # 042880
Tim L. Eblen, OSB No. 050252
Of Attorneys for Plaintiff

EXHIBIT 1
Page 63 of 68

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF MULTNOMAH

6

7   HENDRICKS LAW FIRM, P.C., an Oregon         Case No. 23CV23474
    corporation, and HEATHER A. BRANN,
8   PC, an Oregon corporation,                  **AFFIDAVIT OF SERVICE**

9                     Plaintiffs,

10              v.

11  PEGGY S. FORAKER, as an individual,
    and as trustee of the Foraker Family Trust,
12  and MCKENZIE LEIGH FORAKER, as
    trustee of the Gren Trust,
13
                    Defendants.
14

        The undersigned, being first duly sworn, does hereby depose and say:

        I am a competent person 18 years of age or older and a resident of the state of service or

this state and am not a party to nor an officer, director or employee of, nor attorney for any party,

corporate or otherwise, and the person, firm, or corporation served is the identical one named in

the action.

        I Deputy M.M. Williams                      (name), do hereby affirm that on the 11ᵗʰ

day  of  July,  2023,  at _____10:26 A.M._____ (time),  I

personally served **Peggy S. Foraker**, a copy of Summons, First Amended Complaint and First

Request for Production of Documents to Peggy S. Foraker at **2436 Bridgewater Dr., Maidens,**

**VA 23102**.

///

///

EXHIBIT 1
Page 64 of 68

1    A copy of my fully executed certificate of service stamp is attached hereto as **Exhibit 1**

2    and incorporated herein by this reference.

3

4    Executed this ___ day of July, 2023.

5

6

7    Printed Name: Hannah M. WILLIAMS
     Title: Deputy

8

9    STATE OF Virginia            )
                                  ) ss.
10   County of Goochland          )

11   BEFORE ME, on this 27th day of July, 2023, the above named personally appeared
     before me, being duly sworn, foregoing Affidavit are true and correct to the best of their
12   knowledge and belief.

13

14   Notary Public

15

16   ROSLYN J. WOODSON
     Commonwealth of Virginia
     Notary Public
17   Commission No. 7988957
     My Commission Expires 2/28/26

18

19

20

21

22

23

24

25

26

EXHIBIT 1
Page 65 of 68

NAME _Peggy Foraker_

ADDRESS _2426 Bridgewater Dr_

X_PERSONAL SERVICE

____Being unable to make personal service, a copy
was delivered in the following manner:

____Delivered to family member (not temporary
sojourner or guest) age 16 or older at usual place of
abode of party named above giving information of
its purport. List name, age of recipient and relation
of recipient to party for whom left above.

_____

____Posted on front door or such other door as
appears to be the main entrance of usual place of
abode. (Other authorized recipient not found).

____Not Found

____No Effort is Found

Deputy Sheriff#_WILLIAMS_____Date _1/11/23_

For: S. N. Creasey, Sheriff  Goochland County

EXHIBIT 1
Page 66 of 68
**EXHIBIT 1**
**Page 1 of 1**

8/1/2023 10:55 AM
23CV23474

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HENDRICKS LAW FIRM, P.C., an Oregon corporation, and HEATHER A. BRANN, PC, an Oregon corporation,<br><br>                     Plaintiffs,<br><br>        v.<br><br>PEGGY S. FORAKER, as an individual, and as trustee of the Foraker Family Trust, and MCKENZIE LEIGH FORAKER, as trustee of the Gren Trust.<br><br>                  Defendants. | Case No. 23CV23474<br><br><br><br>**DECLARATION OF MAILING** |

The undersigned hereby swears and declares as follows:

The Goochland County Sheriff made substituted service upon McKenzie Leigh Foraker on July 11, 2023, at 2436 Bridgewater Drive, Maidens, VA 23102, by delivering true copies of the Summons, First Amended Complaint, and Plaintiff's First Request for Production of Documents, at about 1:15 p.m., to Peggy Foraker, who is McKenzie Leigh Foraker's mother and co-resident at that address.

I hereby certify that on July 19, 2023, I caused to be mailed a true copy of the Summons, First Amended Complaint, and Plaintiff's First Request for Production of Documents, to

///

///

///

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

EXHIBIT 1
Page 67 of 68

McKenzie Leigh Foraker at the following address via U.S. first class mail and certified mail:

**McKenzie Leigh Foraker**
**2436 Bridgewater Dr.**
**Maidens, VA 23102**

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_/s/ Willow M. Myrick_____
Willow M. Myrick

Page 2 – **DECLARATION OF MAILING**

Eblen Freed PC
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330
EXHIBIT 1
Page 68 of 68