IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HENDRICKS LAW FIRM, P.C.**, an Oregon corporation, and **HEATHER A. BRANN, PC,** an Oregon corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**PEGGY S. FORAKER**, as an individual, and as a trustee of the Foraker Family Trust, and **MCKENZIE LEIGH FORAKER**, as trustee of the Gren Trust,<br><br>　　　　　Defendants. | Case No. 3:23-cv-1150-SI<br><br>**OPINION AND ORDER** |

Tim Eblen and Michelle Freed, EBLEN FREED PC, 1040 NE 44th Ave., Suite 4, Portland, OR 97213. Of Attorneys for Plaintiffs.

Steven F. Cade, SUSSMAN SHANK, LLP, 1000 SW Broadway, Suite 1400, Portland, OR 97205. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

　　　　Plaintiffs Hendricks Law Firm P.C. and Heather A. Brann, PC, are former attorneys of Defendant Peggy S. Foraker (Foraker). They represented Foraker in a dispute against Foraker's former insurer. In that dispute, ultimately around $4 million was recovered between damages and attorney's fees, of which Plaintiffs retained around $3 million and Foraker retained around $1 million. Foraker disputed this distribution in state court. The state court issued a series of summary judgment decisions in Plaintiffs' favor and entered a general judgment on March 7,

PAGE 1 – OPINION AND ORDER

2023. The state court also ordered on May 4, 2023, that Plaintiffs would be awarded attorney's fees of more than $756,000, and issued a supplemental judgment to that effect on May 16, 2023.

This federal case involves two claims raised by Plaintiffs. The first alleges that on May 10, 2023, Foraker fraudulently transferred a parcel of real property located in Oregon (Oregon Property) to a trust benefitting her daughter, Defendant McKenzie Leigh Foraker (M. Foraker), and that Plaintiffs' have the right to force a sale of the Oregon Property. Plaintiffs also allege that Foraker fraudulently transferred a property in Virginia, although Plaintiffs do not seek to avoid that transfer or force the sale of that property in this lawsuit.

Plaintiffs' second claim alleges that as creditors, Plaintiffs have the right to sell the Oregon Property and take control of a purported legal malpractice claim they believe Foraker has against the attorney who litigated against Plaintiffs in state court, Katherine R. Heekin (Heekin). Plaintiffs request equitable relief in the form of an order avoiding the transfer of the Oregon Property, a judgment lien against the property, an order enjoining Defendants from causing any waste to the property, an order requiring the sale of the property to satisfy Foraker's debt owed to Plaintiffs, and an order seizing the right to pursue a legal malpractice claim against Heekin, force its sale, and permit Plaintiffs to "buy" the claim. Plaintiffs also request attorney's fees.

Before the Court is Defendants' motion under Rule 12 and the parties' cross-motions for summary judgment on Plaintiffs' First Claim for Relief. Defendants move to strike the paragraphs in the First Amended Complaint that refer to the property in Virginia. Defendants argue that the Virginia property is the subject of a separate lawsuit in Virginia and is irrelevant to this federal lawsuit. Defendants also move to dismiss or, in the alternative, strike Plaintiffs' second claim for relief that seeks to "seize" the purported legal malpractice claim. Defendants argue that under Oregon law such an unasserted, unliquidated tort claim is not an asset reachable

PAGE 2 – OPINION AND ORDER

by a creditor without a bona fide preexisting interest in the claim. Defendants also move to dismiss Plaintiffs' request for attorney's fees and claim based on a "creditors' bill" as legally unsustainable.

The parties cross-move for summary judgment on Plaintiffs' first claim. Plaintiffs argue that there is no disputed issue of material fact that Foraker transferred the Oregon Property to a trust in violation of Oregon's Uniform Fraudulent Transfer Act (UFTA), Oregon Revised Statutes (ORS) §§ 95.200 to 95.310.[1] Defendants respond that there is no disputed issue of material fact that the Foraker Family Trust and not Foraker conveyed the property to the Gren Trust (and not to M. Foraker). Defendants contend that because the Foraker Family Trust is not a debtor of Plaintiffs, Plaintiffs cannot meet their burden to show the elements of fraudulent transfer as a matter of law. For the following reasons, the Court grants Defendants' motion to dismiss in part, denies Plaintiffs' motion for summary judgment without prejudice, and denies Defendants' motion for summary judgment as moot.

## STANDARDS

### A. Motion to Strike Standard

A court may strike material under Rule 12(f) of the Federal Rules of Civil that is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

---

[1] Although the statute states that it may be referred to as the "Uniform Voidable Transactions Act," ORS § 95.310, Oregon courts routinely refer to it as the "Uniform Fraudulent Transfer Act." *See, e.g.*, *Petix v. Gillingham*, 325 Or. App. 157, 174 (2023); *Rowden v. Hogan Woods, LLC*, 306 Or. App. 658, 663 (2020); *Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 22 (2003); *In re Conduct of Hockett*, 303 Or. 150, 161 n.2 (1987).

*grounds*, 510 U.S. 517 (1994)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc.*, 984 F.2d at 1527).

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone*, 618 F.3d at 973; *see also Fantasy, Inc*, 984 F.2d at 1527. The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

**B. Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all

PAGE 4 – OPINION AND ORDER

reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**C. Motion for Summary Judgment**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255

PAGE 5 – OPINION AND ORDER

(1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

When parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quotation marks and citation omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) ("Cross-motions for summary judgment are evaluated separately under [the] same standard."). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Thereafter, the non-moving party bears the burden of designating "specific facts demonstrating the existence of genuine issues for trial." *Id.* "This burden is not a light one." *Id.* The Supreme Court has directed that in such a situation, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts at issue. *Matsushita*, 475 U.S. at 586.

## DISCUSSION

### A. Rule 12 Motions

#### 1. Virginia Property

In their response, Plaintiffs state that they do not seek any relief relating to Foraker's property located in Virginia. Plaintiffs contend that they only allege facts relating to the Virginia property to meet the elements of fraudulent transfer relating to the Oregon Property, such as that the transfer rendered Foraker insolvent. Defendants note in their reply that so long as Plaintiffs

PAGE 6 – OPINION AND ORDER

are not improperly seeking relief relating to the Virginia property in this lawsuit and will not improperly later seek to add such relief based on an argument that there is no undue prejudice or surprise because facts had been alleged relating to the Virginia property, then Defendants withdraw their motion to strike these allegations. The Court accepts and relies on Plaintiffs' representation that they are not seeking relief based on the transfer of the Virginia property and that the allegations relating to the Virginia property are intended only as support for Plaintiffs' claims relating to the Oregon Property. This portion of Defendants' motion is denied as moot.

### 2. Malpractice Claim

In *Pringle v. Robertson*, the Oregon Supreme Court evaluated whether a judgment creditor, when faced with an insolvent debtor, could bring a garnishment proceeding against the debtor's insurance company. 258 Or. 389 (1970), *adhered to*, 258 Or. 389 (1971). The Oregon Supreme Court held that a third party judgment creditor, "who has no direct interest in the cause of action," could not "foster litigation" based in "bad faith or negligence, or both." *Id.* at 393. The court noted that "[t]he law frowns upon third parties with no direct interest promoting litigation of this kind for gain." The Oregon Supreme Court explained:

> In this case, defendant made no assignment of his claim, nor has he indicated in any other way that he approves or authorizes the accusations made by plaintiff against the insurer. If it is possible for plaintiff to garnish and then prosecute defendant's claim without an assignment or other indication by defendant that he wishes to prosecute the claim, any judgment creditor may do the same as to any alleged claim held by a judgment debtor which is based on negligence or bad faith, whether or not the judgment debtor wishes to prosecute it. The result would be a legally enforced form of champerty in actions which are based on fraud and negligence. The following quotation from *Ammerman v. Farmers Insurance Exchange*, 19 Utah 2d 261, 430 P.2d 576 (1967), is appropriate:
>
> " * * * It is not the policy of the law to encourage litigation. Even if a party has been wrongfully injured there may be any number of personal reasons why he would prefer to let the matter drop than to

PAGE 7 – OPINION AND ORDER

>            bring a lawsuit. The privilege of deciding whether to do so should
>            be up to him and not up to some third party to inject his interest
>            into the matter." 430 P.2d at 578.

*Id.* at 393-94 (alteration in original).

Upon reconsideration, the Oregon Supreme Court adhered to its original opinion. *Pringle v. Robertson*, 258 Or. 389 (1971). The court specifically discussed that if it allowed a third party to assert a claim against an insurance company because there was an underlying contract between the insured and insurer, there would be no meaningful distinction for claims involving doctors and lawyers who also had contracts for services. *Id.* at 396. The Oregon Supreme Court emphasized that "[f]ew, if any, would assert that claims against doctors and lawyers for malpractice should be garnishable." *Id.*

Plaintiffs cite *Groce v. Fidelity General Insurance Co.*, 252 Or. 296 (1968), and *Gregory v. Lovlien*, 174 Or. App. 483 (2001), to argue that they are entitled to take over Foraker's purported malpractice claim. Plaintiffs argue that they are not strangers to the litigation because they are judgment creditors of an insolvent debtor and that legal malpractice claims are assignable, and thus they have a right to the legal malpractice claims. Those legal concepts, however, do not show that Plaintiffs have a right to seize ownership of the purported legal malpractice claim.

The combination of *Groce* and *Lovelien* are of little benefit to Plaintiffs. *Groce* held that claims against an insurance company are assignable. *Groce*, 252 Or. at 306-07. *Lovelien* held that legal malpractice claims may be assignable, depending on the circumstances. *Lovelien*, 174 Or. App. at 488, 492. The potential assignability of a claim, however, is not dispositive as to whether a third party judgment creditor can force a lawsuit on that claim on behalf of the judgment debtor. The Oregon Supreme Court in *Pringle* specifically discussed *Groce* in evaluating whether a third party creditor could bring a proceeding against an insurance company.

PAGE 8 – OPINION AND ORDER

*Pringle*, 258 Or. at 392. It concluded that, despite the fact that claims against an insurance company were assignable, the third party judgment creditor could not assert a claim against the insurer *absent such an assignment*. *Id.* at 393.

Plaintiffs argue that because they are not seeking to bring a garnishment proceeding, this case is different. *Pringle*, however, did not discuss the issue so narrowly as only to apply to garnishment proceedings. The Oregon Supreme Court broadly discussed the type of claims that third party creditors may bring against insurers as including direct claims when considering public policy and reasons behind disallowing such claims. *Pringle*, 258 Or. at 391. The court also broadly discussed that it is the injured party's decision whether to bring a claim against the wrongdoer, not the decision of a third party creditor, unless the claim has been assigned or the injured party has otherwise indicated that he "approves or authorized" the accusations. *Id.* at 393-94. Nor have courts interpreted *Pringle* so narrowly. Courts have applied *Pringle* to reject claims other than for garnishment. *See, e.g. Roundtree v. Barringer*, 92 Ill. App. 3d 903, 906 (1981); *Bean v. Allstate Ins. Co.*, 285 Md. 572, 575-76 (1979).

Plaintiffs also quote *Groce* to argue that as a judgment creditor to an insolvent debtor they are not strangers to the litigation and thus the concerns expressed by the Oregon Supreme Court in *Pringle* do not apply. That quote, however, is in the context of the Oregon Supreme Court approving the assignment of a claim. *Groce*, 252 Or. at 304-05. The Oregon Supreme Court considered an insolvent debtor in *Pringle* and rejected allowing the judgment creditor to pursue the judgment debtor's claim, absent an assignment or other authorization, emphasizing that a third party cannot "inject his interest into the matter." *Pringle*, 258 Or. at 394 (quoting *Ammerman*, 430 P.2d at 578).

PAGE 9 – OPINION AND ORDER

Plaintiffs' arguments are rejected. The Court grants this portion of Defendants' motion to dismiss and finds that as a matter of Oregon law, Plaintiffs may not "seize" Foraker's legal practice claim, force its sale, or "buy" it, absent Foraker's voluntary assignment or other authorization. This claim is dismissed without leave to amend at this time because no amendment can cure the legal deficiency of this claim.[2]

### 3. Attorney's Fees

Defendants ask that the Court to dismiss or strike Plaintiffs' request for attorney's fees, arguing that there is no legal basis on which to award attorney's fees for litigating in this case. Plaintiffs respond that it is their intent to provide notice to Defendants that they will be seeking attorney's fees *in state court* for the litigation *in this federal court*, and they will amend their allegation to clarify that it is their intent to seek a second supplemental judgment for attorney's fees in the Multnomah County case. The Court expresses no opinion on whether the Multnomah County Circuit Court can adjudicate the recoverability of fees incurred in litigation before this Court or whether attorney's fees are recoverable for a UFTA claim under these circumstances. The Court, however, concludes that pleading in this Court the intent to seek attorney's fees in a separate litigation in state court is inappropriate. The Court grants this portion of Defendants' motion and dismisses Plaintiff's request for attorney's fees, without prejudice to renew if Plaintiffs' later determine that there is a legal basis to request fees in this federal litigation.

### 4. Creditors' Bill

Defendants' second cause of action requests equitable relief relating to both the purported malpractice claim (which the Court has dismissed) and the Oregon Property. This second claim

---

[2] If Plaintiffs discover facts showing that Foraker has assigned or otherwise authorized Plaintiffs to pursue this claim, Plaintiffs may file a motion for leave to amend to add this claim.

is titled "Creditors' Bill to Determine Priorities of Interests in the Property and certain personal property." Defendants move to dismiss for failure to state a claim for a creditors' bill. Defendants argue that Plaintiffs fail to allege that legal remedies are inadequate or unavailable, such as by alleging that legal execution has been attempted or returned nulla bona.

Plaintiffs respond that an execution and return nulla bona is not required if the judgment debtor is insolvent. *See Clark v. Courtland Lumber Co.*, 199 Or. 647, 653 (1953) (explaining the general rule that a creditor must reduce his claim to a judgment and have the execution returned nulla bona to pursue a claim in equity, but the rule has well-recognized exceptions, including when the debtor is insolvent). Plaintiffs have sufficiently alleged that Foraker is insolvent. Thus, Plaintiffs' creditors' bill claim with respect to Foraker's Oregon Property survives.

### B. Cross Motions for Summary Judgment

Both parties move for summary judgment on Plaintiffs' claim under the UFTA. Under Oregon's UFTA,

> (1) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

PAGE 11 – OPINION AND ORDER

ORS § 95.230(1). Because Oregon's statute is based on the uniform statute, Oregon law instructs that it is to be "applied and construed to effectuate its general purpose to make uniform the law" with other states that have adopted the uniform act. ORS § 95.300; *see also Twigg v. Opsahl*, 316 Or. App. 775, 783 (2022) ("Case law from other UFTA jurisdictions is instructive." (citing ORS § 95.300)), *opinion modified in part on reconsideration on other grounds*, 317 Or. App. 815 (2022)); *Rowden v. Hogan Woods, LLC*, 306 Or. App. 658, 683-84 (2020) (quoting ORS § 95.300 and extensively reviewing case law in other jurisdictions).

For a creditor whose claim arose before the transfer was made, a transfer is voidable "if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." ORS § 95.240(1). The creditor has the burden of proving the necessary elements by a preponderance of the elements. ORS §§ 95.230(3); 95.240(3).

There are two primary disputes between the parties on this claim. Defendants contend that the first dispute is dispositive and requires summary judgment in their favor. Defendants argue that Plaintiffs are conflating the relevant persons involved in the transfer and ignoring the legal distinction between trusts and individuals for purposes of the UFTA's requirements. Defendants observe that Foraker is the person against whom the supplemental judgment has been assessed in favor of Plaintiffs. Thus, she is the debtor. The Foraker Family Trust, however, for whom Foraker is the settlor and trustee, is the entity that transferred the Oregon Property to the Gren Trust, for whom M. Foraker is the trustee. Defendants argue that Foraker was not a transferor, and the Foraker Family Trust is not a debtor and was not insolvent at the time of the transfer, and thus Plaintiffs cannot prove the claim under the UFTA.

Under Oregon's Uniform Trust Code, "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors." ORS § 130.315(1)(a). A creditor of the settlor "may reach the maximum amount that can be distributed to or for the settlor's benefit" and if a trust has more than one settlor, then a creditor may reach only the portion of the trust that represents the particular debtor settlor's interest. ORS § 130.315(1)(b).

Foraker is the sole settlor of the Foraker Family Trust and is its trustee. Plaintiffs argue that because the assets of the Foraker Family Trust are reachable by a creditor of Foraker's under Oregon law, there is no distinction between the trust and Foraker for purposes of the UFTA and Foraker and the Foraker Family Trust are thus both debtors of Plaintiffs' judgment for purposes of ORS § 95.230(1). Defendants respond that Plaintiffs may have an interest in the property of the trust, but that does not make *the trust* a "debtor" or generally liable for Foraker's debt; it simply means that Plaintiffs have the right to reach assets within the trust to pay the debt owed by Foraker. Defendants emphasize that the trust and Foraker as an individual are distinct legal entities.

Neither party cites authority addressing question of whether *the trust* of an individual debtor, who is the settlor and trustee of that trust, also is a debtor under the UFTA.[3] The Court also was unable to find any case law on this point. It appears, however, that creditors attempting to recover on judgments and alleging fraudulent transfer to or from a trust generally name *both* the individual debtor and the individual debtor in his or her capacity as the trustee of the trust.

---

[3] Defendants cite cases in which courts unwind transfers from individuals to trusts under the UFTA, as supporting the conclusion that trusts and individuals are considered separate entities. *See* ECF 15 at 3-4. Whether a transfer from an individual to a trust may be fraudulent is not the same question as whether a trust itself may be considered the debtor under the UFTA along with the individual debtor when the individual debtor's assets were already in the trust and that trust then transfers those assets.

PAGE 13 – OPINION AND ORDER

*See, e.g.*, *Magliarditi v. TransFirst Grp., Inc.*, 135 Nev. 681, 450 P.3d 911 (2019); *LVB-Ogden Mktg., LLC v. Bingham*, 2018 WL 4140923, at *1 (W.D. Wash. Aug. 30, 2018). Plaintiffs here, however, did not name as an additional defendant Foraker as the trustee of the Foraker Family Trust.

"At its core, a fraudulent conveyance is the diminution of the debtor's estate to the detriment of the creditor's right of realization." *In re Wellington Apartment, LLC*, 350 B.R. 213, 242 (Bankr. E.D. Va. 2006). It "prevents debtors from placing property beyond the reach of their creditors when those assets should legitimately be made available to satisfy creditor demands." *In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318, 337 (Bankr. N.D. Cal. 2009). Allowing a settlor trustee to transfer funds in violation of the UFTA contradicts that purpose and Oregon's emphasis on allowing creditors access to the assets of a revocable trust to pay the settlor's debts.

On the other hand, the Oregon Supreme Court has stated that "[a] trust is a distinct legal entity, and a settlor's transfer of property to a trust divests the settlor of its legal interest in that property." *Lake Oswego Pres. Soc'y v. City of Lake Oswego Hanson*, 360 Or. 115, 125 n.7 (2016). The Oregon Supreme Court explained that such a transfer of real property must be treated "the same as any conveyance of real property." *Id.* Had Foraker transferred her real property to a third party, Plaintiffs likely would not be arguing that the third party was a "debtor" under the UFTA. Further, the Oregon Court of Appeals, in a different context, rejected the argument Plaintiffs make here that the individual and the trust can be considered the "same entity," because "a trust is a legal entity that is separate from the creator of the trust and its beneficiaries." *See In re Comp. of Mulrooney*, 198 Or. App. 93, 98-99 (2005) (quotation marks omitted). Generally, courts respect these legal constructs, absent circumstances not argued in this case.

PAGE 14 – OPINION AND ORDER

Considering the statements by Oregon courts, including the Oregon Supreme Court, that trusts are distinct legal entities to be treated separately from the settlors, trustees, and beneficiaries, and that a settlor's legal interest in real property divests upon being transferred into a trust, the Court concludes that the Foraker Family Trust and Foraker as an individual are not the same person. Further, Plaintiffs' act of simply naming Foraker as a defendant does not suffice to name the Foraker Family Trust nor does Foraker's status as the debtor automatically make the Foraker Family Trust the debtor under the UFTA without including the trust in this lawsuit.

But the Court also must give meaning to the purpose of the UFTA to stop debtors from transferring assets to avoid making them reachable by creditors and to Oregon's law allowing creditors to reach assets of a revocable trust. Therefore, the Court concludes that a creditor may name both an individual debtor and the debtor-as-trustee to assert a UFTA claim under the current circumstances. Thus, Foraker as the trustee of the Foraker Family Trust could have been named as an additional defendant, but Plaintiffs have not yet done so.

The Court therefore denies Plaintiffs' motion for summary judgment. Courts generally have declined to allow parties to amend their complaint at summary judgment. *See, e.g.*, *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). This is because equity is not served by allowing parties "a procedural second chance to flesh out inadequate pleadings" at the summary judgment stage. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)). Because the interaction between an individual and the individual as trustee when assets were already held in a revocable trust and then transferred by the trust in the context of a UFTA was unclear, however, this is an unusual case in which

allowing a pleading amendment at this stage is equitable and appropriate. The Court therefore allows Plaintiffs leave to file a Second Amended Complaint solely to add as a defendant Foraker as trustee of the Foraker Family Trust and related allegations. (Plaintiffs should also remove their malpractice claim.) The Court also denies Defendants' motion for summary judgment as moot.

Given the need for Plaintiffs to add the Foraker Family Trust as a defendant to pursue their first claim for relief, the Court is unable to address the parties' second factual dispute at this time without issuing an advisory opinion. If, after filing an amended complaint, Plaintiffs wish to renew this portion of their motion for partial summary judgment, they may do and incorporate by reference their previous evidence. Defendants may do the same.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Defendants' Rule 12 Motion, ECF 4. The Court DENIES Plaintiff's Motion for Summary Judgment on Plaintiffs' First Claim for Relief, ECF 9, without prejudice to renew. The Court DENIES AS MOOT Defendants' Cross-Motion for Summary Judgment, ECF 15. Plaintiffs may file a Second Amended Complaint within two weeks of the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 11th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge